ON RETURN TO REMAND
The appellant, Donnell McGee, was convicted of the unlawful distribution of a controlled substance, a violation of §13A-12-211, Code of Alabama 1975. The appellant was sentenced to seven years' imprisonment, which was enhanced by an additional five years' imprisonment because the sale occurred within three miles of a school. § 13A-12-250, Code of Alabama 1975. We remanded this case so that the trial court could further enhance the appellant's *Page 146 
sentence in accordance with § 13A-12-270, Code of Alabama 1975, which provides for an additional five-year penalty if the sale of the controlled substance occurred within three miles of a housing project. McGee v. State, 607 So.2d 344
(Ala.Cr.App. 1992).
The trial court complied with our directions and resentenced the appellant to seven years' imprisonment, plus five years under § 13A-12-250 and an additional five years under §13A-12-270. However, defense counsel petitioned the court to reconsider the sentence, and the trial court resentenced the appellant to two years' imprisonment, plus five years under §13A-12-250 and an additional five years under § 13A-12-270.
The state has asked that we remand this cause to the trial court so that that court can modify its sentence to reflect the original sentence of 12 years and to add the 5-year penalty under § 13A-12-270, for which we originally remanded this cause. The state argues that the actions of the trial court in resentencing the appellant to a reduced term of two years violates Lynch v. State, 587 So.2d 306 (Ala. 1991), which states:
 " 'On remand, the issues decided by the appellate court become law of the case and the trial court's duty is to comply with the appellate mandate "according to its true intent and meaning, as determined by the directions given by the reviewing court." ' Walker v. Carolina Mills Lumber Co., 441 So.2d 980 (Ala.Civ.App. 1983), citing Ex parte Alabama Power Co., 431 So.2d 151 (Ala. 1983)."
587 So.2d at 307.
We agree. "The trial judge lost all jurisdiction to modify the original sentence 30 days after its imposition," when no motion for a new trial was made within that 30-day time period.Massey v. State, 587 So.2d 448, 449 (Ala.Cr.App. 1991); Rule 24, A.R.Crim.P. This court remanded this case only for the purpose of further enhancing the appellant's sentence as required by §13A-12-270. Consequently, the usual rules apply and the sentencing court had no jurisdiction to modify the original sentence imposed. We therefore remand this case again so that the trial court can comply with our original directions. The appellant's sentence should be for a term of seven years, enhanced by five years under § 13A-12-250 and an additional five years under § 13A-12-270. Due return should be filed with this court within 28 days from the date of this opinion.
 REMANDED WITH DIRECTIONS.
All the Judges concur except BOWEN, P.J., who dissents with opinion.