The appellant, Wilburn Scott, was convicted of selling a controlled substance. He was sentenced to a total of eight years in prison: three years' imprisonment as a base sentence, which was enhanced by an additional five years' imprisonment under § 13A-12-250 and an additional five years' imprisonment under § 13A-12-270. The two additional enhancement penalties were to run concurrently with one another, but not with the base sentence.
The appellant's only contentions on appeal concern his sentence. The appellant initially argues that he should not have been sentenced by a different judge from the judge who presided over his trial. He also contends that the court should have ordered that his base sentence be served concurrently with the sentences resulting from the enhancement provisions of § 13A-12-250 and § 13A-12-270. However, these issues have not been preserved for our consideration. At no point during the sentencing hearing did the appellant object on these grounds. Neither was any motion to reconsider the sentence filed or any other objection made. This court is appellate only. Trawick v.State, 431 So.2d 574 (Ala.Cr.App. 1983). We cannot consider matters on appeal that have not first been presented to the trial court for its determination. Johnson v. State,479 So.2d 1377 (Ala.Cr.App. 1985).
It has come to our attention upon review of the sentence pronounced by the court that the appellant's sentence did not conform with the law. The trial court ordered that the enhanced terms be served concurrently. However, that action by the court is contrary to the legislature's intent. Section 13A-12-250, states:
 "In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a controlled substance, there is hereby imposed a penalty of five years incarceration in a state corrections facility with no provision for probation if the situs of such unlawful sale was on the campus or within a three-mile radius of the campus boundaries of any public or private school, college, university or other educational institution in this state."
(Emphasis added.)
Section 13A-12-270 states:
 "In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a controlled substance, there is hereby imposed a penalty of five years incarceration in a state corrections facility with no provision for probation if the situs of such unlawful sale was within a three-mile radius of a public housing project owned by a housing authority."
(Emphasis added.)
This court, in Dixon v. State, 572 So.2d 512 (Ala.Cr.App. 1990), has stated the following in regards to the language emphasized above. *Page 1133 
 "The opening language of § 13A-12-250 [which is identical to the opening language in § 13A-12-270] uses the words '[i]n addition to.' The word 'addition' means the act, process, or instance of adding. Lane v. Holderman, 23 N.J. 304, 129 A.2d 8
(1957). The words 'addition' and 'extension' and their synonyms 'increase' and 'augmentation' are used interchangeably. Meyering v. Miller, 330 Mo. 885, 51 S.W.2d 65 (1932). 'Addition' is 'the act or process of adding; the joining or uniting of one thing to another.' Webster's Third New International Dictionary 24 (1976).
 "This court is of the opinion that, contrary to the appellant's contention, the legislature did intend for an extra five years to be 'added to' or 'tacked on' to the existing sentence. We are especially convinced of this in light of how other jurisdictions have treated similar statutes. For example, Congress was so appalled by the evils posed by illegal drug activity conducted near schoolchildren that it created a statute which doubles the original jail sentence of those found guilty of such an offense."
572 So.2d at 513-14. The legislative intent is that the five-year penalties shall not run concurrently with each other or any other sentence imposed. The enhancement terms provided for by these statutes must be "added to" any other penalty pronounced by the court. Because the appellant's sentence was not in accordance with these statutes, this court has noticed the defect in sentencing even though no objection was made to the trial court. Ex parte Brannon, 547 So.2d 68 (Ala. 1989). This court has in the past remanded cases for new sentencing when, although proof was established that the sale occurred within three miles of a school and within three miles of a housing project, the court had failed to enhance the sentence under the provisions of both §§ 13A-12-250 and -270. See, for example, McGee v. State, 607 So.2d 344 (Ala.Cr.App. 1992), on return to remand, 620 So.2d 145 (Ala.Cr.App. 1993).
Because the appellant was not sentenced according to §§13A-12-250 and -270, this cause must be remanded. The prison terms imposed as a result of these enhancement provisions in the above statutes may not be served concurrently. Neither may the enhanced sentence be served concurrently with the base sentence. The appellant's corrected sentence should be for a term of 3 years' imprisonment, which shall be enhanced by an additional 10 years' imprisonment under §§ 13A-12-250 and -270, for a total of 13 years' imprisonment. Due return should be filed in this court no later than 28 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.