TAYLOR, Judge.
The appellant, Derek Lanard Bryant, was convicted of unlawfully distributing cocaine. He was sentenced to 15 years in prison.
The state’s evidence tended to show that on March 18, 1992, Officer Ernest Robinson of the LaFayette Police Department, was working an undercover drug investigation in Opelika. Robinson contacted Andrew Lewis Wilson and asked him where he could get some drugs. Wilson took Robinson to Snipes Grocery Store in Opelika. Robinson gave Wilson $10.00 and Wilson got out of the car. Robinson stayed in the car. Robinson testified that he observed the following: Wilson approached two black men in front of the store and started talking with them. He then went inside the store. When Wilson was inside the store, a man who Robinson identified as the appellant approached Wilson. The appellant took a tissue out of his pocket and opened it. Wilson then reached in the tissue and got something out of it. Wilson, holding the object in his’ hand, re *1391 turned to the ear and said “Let’s go, I got us one.” They then drove to Wilson’s mobile home, located about 150 yards from the store. When they arrived, Wilson opened his hand and told Robinson to take some of the cocaine from the tissue. The tissue had been in Wilson’s hand from the time he received it from the man in the grocery store until he showed it to Robinson at his mobile home and told him to take some of the cocaine.
The record shows that during the transaction, when Robinson was in the car waiting for Wilson, who was in the store, he was wearing a microphone. He talked into the microphone and described the person who handed the object to the appellant as it happened. Officer Harrison of the Opelika Police Department, who was monitoring the transaction, had seen a person matching the description given by Robinson about 15 minutes earlier in front of Snipes Grocery Store. Based on the description given by Robinson, Harrison and another officer arranged a photographic array for Robinson to view. Although there were séveral photographs in the array, only two photographs could have possibly been the appellant. Robinson identified the photographs of the appellant as the person who gave Wilson the tissue. Robinson had described the person as wearing a tan sweater and faded blue jeans with white stripes and holding a black umbrella. At the time of his arrest, the appellant was wearing a tan sweater and blue jeans and was holding an umbrella. The individual described by Robinson was also short compared to the other men involved in the transaction and had a light complexion. Officer Harrison identified the appellant at trial as the man he had seen in front of Snipes Grocery Store 15 minutes before the transaction.
I
The appellant initially argues that Officer Robinson’s in-court identification of the appellant should have been suppressed because, he says, the pre-trial identification from the photographic array was tainted and was impermissibly suggestive. He also argues that without the allegedly improper identification testimony, the evidence was insufficient to convict him of distributing cocaine.
The pre-trial identification was not so suggestive that it tainted Robinson’s in-court identification of the appellant.
“An in-court identification, even if preceded by a suggestive out-of-court identification procedure, is nevertheless admissible if the in-eourt identification has an independent source. United States v. Wade, 388 U.S. 218, 241, 87 S.Ct. 1926, 1939, 18 L.Ed.2d 1149 (1967). Among the indicia of a sufficient, independent basis for identification are the witness’s opportunity to observe the defendant at the time of the offense, the witness’s degree of attention, the degree of certainty shown at the confrontation, and the length of time between the crime and the confrontation. Neil v. Biggers, 409 U.S. 188, 199-200, 93 S.Ct. 375, 382-383, 34 L.Ed.2d 401 (1972).”
United States v. Cannington, 729 F.2d 702, 711 (11th Cir.1984). See also Hutchinson v. State, 516 So.2d 889 (Ala.Cr.App.1987).
Here, Officer Robinson, testified that he had observed the individual for approximately five minutes. His view was unobstructed and he was approximately 15 feet away from him. Also, as the state correctly notes, Robinson was a trained police officer viewing what he knew to be a crime being committed. Robinson also stated that he had no doubts that the individual who handed the package to Wilson was the appellant. Robinson’s identification was rehable and was correctly received into evidence.
II
The appellant also contends that there was insufficient evidence to find him guilty of distributing cocaine. The appellant was indicted for distributing a controlled substance, cocaine, in violation of § 13A-12-211, Code of Alabama 1975. This section states, in part:
“(a) A person commits the crime of unlawful distribution of controlled substances if, except as otherwise authorized, he sells, furnishes, gives away, manufactures, delivers or distributes a controlled substance. ...”
*1392 The evidence as reviewed above was sufficient to find the appellant guilty of distributing cocaine. “This court has previously held that the term ‘furnish’ means to supply by any means — sale or otherwise.” Jackson v. State, 582 So.2d 598, 602 (Ala.Cr.App.1991); McKissick v. State, 522 So.2d 8 (Ala.Cr.App.1987).
III
The appellant also argues that the trial court mishandled questions asked by the jury and improperly commented on the evidence. After the jury had been deliberating for several hours, it asked the following two questions: (1) “Does distribution mean directly or indirectly?” and (2) “If someone distributes something, is he — also in possession?”
The court answered the first question affirmatively and told the jury that an accused could be guilty of distributing cocaine if the distribution was either direct or indirect. This is a correct statement of the law. See § 13A-12-211. The court declined to answer the second question, stating that that was a factual question for the jury to decide. The actions of the trial court were correct. If the court had answered this second question, he would have invaded the province of the jury. The court did not comment on the evidence; no error occurred here.
IV
Last, the state asks that this cause be remanded to the Circuit Court for Lee County so that the appellant can be correctly sentenced. The state observes that the court erred in failing to sentence the appellant under the enhancement provision of § 13A-12-250, Code of Alabama 1975.
There was evidence presented at trial that the sale of the controlled substance occurred within 150 feet of a school. The court did not apply the enhancement provision of § 13-12-250 when it sentenced the appellant. The application of this enhancement provision is mandatory. Green v. State, 586 So.2d 54 (Ala.Cr.App.1991), and this court has previously remanded causes for resentencing for this very reason. Scott v. State, 627 So.2d 1131 (Ala.Cr.App.1993); McGee v. State, 607 So.2d 344 (Ala.Cr.App.1992), on return to remand, 620 So.2d 145 (Ala.Cr.App.1993).
Thus, this cause is remanded to the Circuit Court for Lee County so that the appellant can be resenteneed. The appellant’s additional 5 years’ imprisonment must be in addition to the 15-year sentence previously imposed by the court. As § 13A-12-250 states:
“In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a controlled substance, there is hereby imposed a penalty of five years incarceration in a state corrections facility with no provision for probation if the situs of such unlawful sale was on the campus or within a three-mile radius of the campus boundaries of any public or private school, college, university or other educational institution in this state.”
(Emphasis added).
Due return should be filed in this court no later than 42 days after the release of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.