The appellant, Michael Anthony Ford, was convicted of distributing a controlled substance — cocaine — in violation of § 13A-12-211, Code of Alabama 1975. The appellant was sentenced to 15 years in the state penitentiary. The appellant's counsel did not appeal within the specified period, and the appellant was granted relief pursuant to Rule 32.1(f), A.R.Cr.P. The appellant now brings this "out-of-time" appeal.
 I
The appellant initially contends that the trial court erred in denying his petition for youthful offender status. Specifically, the appellant contends that the trial judge denied his petition for youthful offender status solely on the basis of the nature of the crime with which he was charged.
Reviewing the record, we find that the appellant has failed to preserve this issue for review. The appellant did not object to the trial court's denial of youthful offender status at any time during the proceedings below. "Because review by this court is limited to matters properly raised in the trial court, this issue, which is raised for the first time on appeal, is raised too late for review." Carter v. State, 627 So.2d 1027,1028 (Ala.Cr.App. 1992), aff'd, 627 So.2d 1030 (Ala. 1993).
Further, even had the appellant preserved this issue for our review, we would have decided the issue adversely to him on the merits. The record shows the following entries:
OCTOBER 15, 1992 — COURT:
 "It is ordered that the probation and parole officer of this court conduct a full and complete investigation into this case and report to the Court, at which time a hearing will be held to determine if the Defendant will be treated as a youthful offender."
NOVEMBER 6, 1992 — COURT:
 "The Defendant was present in Court and represented by counsel, and the Court considered a report prepared by the Probation and Parole Officer. Defendant's application for youthful offender status is hereby DENIED."
The appellant contends that there is no record that the probation and parole officer performed any investigation before the November 6, 1992, entry by the court denying youthful offender status and notes that the trial judge did not cite any personal knowledge upon which he was basing his decision. Thus, the appellant contends that the trial court's decision to deny him youthful offender status was arbitrary.
 "The trial court has almost absolute discretion in ruling on applications for youthful offender status, and the actions of the trial judge are presumptively correct in the absence of a showing to the contrary. Morgan v. State, 363 So.2d 1013
(Ala.Cr.App. 1978)." *Page 319 
Carden v. State, 621 So.2d 342, 345 (Ala.Cr.App. 1992). See also Benton v. State, 536 So.2d 162 (Ala.Cr.App. 1988). It is sufficient if the order of denial reflects that some investigation, examination, or inquiry was conducted before the application for youthful offender status was denied. Talley v.State, 504 So.2d 741 (Ala.Cr.App. 1987).
The record shows that the trial court ordered that an investigation be conducted by the probation and parole officer and ordered the officer to report to the court the finding of that investigation. The record also shows that the trial court considered the officer's report when it denied the appellant's petition for youthful offender status. However, the probation and parole officers's report does not appear in the record.
 "[W]here the record does not support the contention that youthful offender status was denied solely on the basis of the crime charged, this court will not reverse the trial court's decision to deny youthful offender status."
Miller v. State, [Ms. CR-92-118, August 13, 1993] 1993 WL 304524 (Ala.Cr.App. 1993), citing Burks v. State,600 So.2d 374, after remand, 600 So.2d 387 (Ala.Cr.App. 1991). See alsoCarden, supra. This court has repeatedly held that we cannot predicate error on matters not shown in the record, nor will we presume error from a silent record. Stegall v. State,628 So.2d 1006 (Ala.Cr.App. 1993); Smelcher v. State, 520 So.2d 229
(Ala.Cr.App. 1987). The trial court did not abuse its discretion in denying the appellant's petition for youthful offender status.
 II
The state has moved to remand this case for proper findings of fact and for a clarification of sentence. Specifically, the state contends that the trial court erred in failing to enhance the appellant's sentence pursuant to §§ 13A-12-250 and13A-12-270, Code of Alabama 1975.
Officer Johnny Potts of the Camp Hill Police Department testified that the sale occurred within a three-mile radius of a Tallapoosa County school and within a three-mile radius of a public housing project. However, nothing in the record suggests that the trial judge used these enhancement provisions when sentencing the appellant.
 "Application of both §§ 13A-12-250 and 13A-12-270
is mandatory. Burks v. State, 611 So.2d 487
(Ala.Cr.App. 1992); Green [v. State, 586 So.2d 54
(Ala.Cr.App. 1991)]. Both statutes contain the language 'in addition to any penalties heretofore or hereafter provided by law.' Therefore, these additional penalties must be added to any other penalty imposed when the requisite proof is given."
Cunny v. State, 629 So.2d 693, 696 (Ala.Cr.App. 1993). (Emphasis added.) It appears from the record that the appellant's sentence was not in accordance with these statutes. This case is remanded to the trial court for that court to hold a new sentence hearing in accordance with §§ 13A-12-250 and13A-12-270, Code of Alabama 1975.
 "This court has in the past remanded cases for new sentencing when, although proof was established that the sale occurred within three miles of a school and within three miles of a housing project, the court failed to enhance the sentence under the provisions of both §§ 13A-12-250 and 13A-12-270."
Scott v. State, 627 So.2d 1131 (Ala.Cr.App. 1993). See alsoMcGee v. State, 607 So.2d 344 (Ala.Cr.App. 1992), on return to remand, 620 So.2d 145 (Ala.Cr.App. 1993). We further note that the enhancement portions of the sentence may not be served concurrently. Scott, supra.
This case is remanded to the Circuit Court for Tallapoosa County so that a new sentencing hearing can be held. Due return should be filed with this court no later than 45 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur. *Page 320