This case was originally assigned to another judge on the Alabama Court of Criminal Appeals. It was reassigned to Judge Cobb on January 17, 1995.
Bristol Lee Fletcher, the appellant, was convicted of two counts of unlawful distribution of a controlled substance, a violation of Ala. Code 1975, § 13A-12-211. He was sentenced to serve 10 years and one day in the penitentiary on each count. The sentence for each count was enhanced an additional five years pursuant to § Ala. Code 1975, 13A-12-250 and an additional five years pursuant to § 13A-12-270. The trial court ordered that the "sentences imposed under Count One . . . and Count Two . . . be served concurrently". C.R. 3. Although there was no objection raised at sentencing, it is incumbent upon this court to conform the appellant's sentence to the statutory requirements. "The legislative intent is that the five-year penalties shall not run concurrently with each other or any other sentence imposed. The enhancement terms provided for by these statutes must be 'added to' any other penalty pronounced by the court." Scott v. State, 627 So.2d 1131, 1133
(Ala.Cr.App. 1993). It is within the trial court's discretion upon remand for resentencing to lower the base portion of the appellant's sentence in light of the 20-year mandatory sentence imposed upon the appellant, if he feels that justice would best be served by so doing. The trial court also omitted to impose the mandatory fine in Ala. Code 1975, § 13A-12-281, the "Demand Reduction Assessment Act." We remand this case to the trial court for resentencing for the express purposes of implementing the above enhancement provisions and of imposing a fine in accordance with § 13A-12-281. The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 60 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the trial court. Otherwise, we find no reversible error in the four issues raised on direct appeal.
 I.
During cross-examination of a character witness for the appellant, the witness said that the appellant had been "down south." The State asked and the witness clarified that "down south" meant in prison. The appellant objected, stating that this information exceeded the scope of direct examination. On appeal the appellant argues that the reference to the appellant's having been in prison constituted an "inadmissible reference to prior crimes or acts designed to show bad character." Appellant's brief at page 12. " 'The statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial.' Ex parte Frith, 526 So.2d 880, 882
(Ala. 1987). 'The trial court cannot be placed in error on grounds not asserted. . . . The court was required to pass only upon the ground of the objection specified by the appellant and those not announced are waived.' Johnson v. State,421 So.2d 1306, 1311 (Ala.Cr.App. 1982)." Riddle v. State, 661 So.2d 274
(Ala.Cr.App. 1994).
 II.
The appellant contends that before the court can apply §13A-12-270, the State must prove the distance from the site of the sale to the public housing project by the introduction of "evidence of a specific measurement". *Page 57 
Although the appellant failed to preserve this issue by a timely objection at the sentencing hearing, Riddle, supra, the testimony was that the sale took place "across the street. . . . approximately 50 or 60 feet" from the housing project. R. 82-3.
 "In Cavender v. State, 629 So.2d 721, 723
(Ala.Crim.App. 1993), this Court held that 'the State need prove only that the sale occurred within three miles of a school "by a preponderance of the evidence." Powell v. State, 600 So.2d 1085, 1087
(Ala.Crim.App. 1992). See also Jackson v. State, 582 So.2d 598, 601 (Ala.Crim.App. 1991).' This burden of proof is equally applicable to establishing the distance from a public housing project."
Lane v. State, 644 So.2d 1318, 1322 (Ala.Cr.App. 1994). The State's evidence in this case was sufficient to establish that the sale occurred within three miles of a public housing project. Furthermore, "there was no evidence presented to the contrary. Therefore, the State met its burden of proof."Pettway v. State, 624 So.2d 696 (Ala.Cr.App.), cert. denied,624 So.2d 700 (Ala. 1993).
 III.
Only two of the appellant's allegations of ineffective assistance of counsel were preserved for appellate review in his motion for new trial. The appellant contends that his "trial attorney failed to preserve for review any evidence concerning the racial . . . composition of the jury panel or of the State's use of its peremptory strikes." The appellant also contends that trial counsel "failed to object to the admission into evidence of answers by State's witnesses to prejudicial and objectionable questions." Appellant's brief at page 18. These are mere allegations unsupported by any evidence. The voir dire is not contained in the record on appeal and the appellant has failed to specify where counsel should have objected.
 " 'This court cannot assume error, nor can it presume the existence of facts to which the record is silent. . . . The appellant has the burden of ensuring that the record contains sufficient evidence to warrant reversal. . . .'
 " '. . . An appellate court "cannot presume the existence of facts as to which the record is silent and make it a ground for reversal". . . .'
" '. . .
 " ' ". . . 'Appellant has the burden of showing reversible error, and error must affirmatively appear.' . . . 'Substantial error is not presumed, but the burden is upon the appellant to show error'. . . . 'A reviewing court cannot predicate error on matters not shown by the record. Indeed, a silent record supports a judgment'. . . ." ' "
Allison v. State, 645 So.2d 358, 361 (Ala.Cr.App. 1994) (citations omitted).
 IV.
The appellant's contention that the guilty verdicts were clearly unjust because, he says, they are contrary to the weight of the evidence is without merit. Again the appellant has made an accusation without providing any supporting facts. "[T]he assertions [on appeal] . . . 'are bare allegations and cannot be considered as evidence or proof of the facts alleged.' " Ingram v. State, 629 So.2d 800 (Ala.Cr.App. 1993). Furthermore, the record establishes that "[t]he evidence was sufficient for a reasonable jury to find the appellant guilty of the crime charged beyond a reasonable doubt." Floyd v.State, 659 So.2d 961 (Ala.Cr.App. 1994), cert. quashed,659 So.2d 965 (Ala. 1995).
The appellant's conviction is affirmed. We remand this cause to the trial court for resentencing consistent with the directions set forth in this opinion.
REMANDED WITH DIRECTIONS.*
All the Judges concur.
* Note from the Reporter of Decisions: On September 8, 1995, on return to remand, the Court of Criminal Appeals affirmed, without opinion; on October 20, 1995, the court denied rehearing, without opinion. On February 16, 1996, the Supreme Court denied certiorari review (docket 1950198). *Page 58