The appellant, Shawn Meadows, pleaded guilty to two counts of unlawful distribution of a controlled substance, a violation of § 13A-12-211, Ala. Code 1975. One count involved the sale of marijuana; the other count involved the sale of LSD. The appellant was sentenced to 13 years' imprisonment on each count, the sentences to run concurrently. Each sentence included a base sentence of three years to be served consecutively with two five-year enhancements added because the sales occurred near a public housing project and a school. See §§ 13A-12-250 and -270, Ala. Code 1975. *Page 1054 
The appellant argues that the trial court erred by denying his motion to withdraw his guilty pleas. According to the appellant, his guilty pleas were involuntary because, he says, the trial court failed to adequately explain the effects of the enhancement provisions, thereby misinforming him about the maximum and minimum possible sentences he was facing. In his motion, the appellant stated that he understood his plea agreement and the district attorney's recommended sentences would result in base sentences of three years and one five-year enhancement on each case, "i.e., [he understands that] the State was waiving double enhancement."
The trial court failed to explain the effect of the enhancement provisions, and the sentences failed to satisfy the enhancement statutes. In Fletcher v. State, 675 So.2d 55, 56
(Ala.Cr.App. 1995), this Court held that the five-year enhancements provided for in § 13A-12-250 and § 13A-12-270 must be served consecutively with every other penalty imposed upon the defendant, including enhancements added in separate counts. Quoting Scott v. State, 627 So.2d 1131, 1133 (Ala.Cr.App. 1993), this Court stated:
 "The legislative intent is that the five-year penalties shall not run concurrently with each other or any other sentence imposed. The enhancement terms provided for by these statutes must be `added to' any other penalty pronounced by the court."
Fletcher had been convicted of two counts of unlawful distribution of a controlled substance and had been sentenced to 10 years and 1 day on each count with 5-year enhancements under § 13A-12-250 and § 13A-12-270 added to each count. Fletcher, 675 So.2d at 56. The two sentences were to be served concurrently. Id. However, this Court remanded Fletcher's case to the trial court for resentencing because the enhancements in one count were improperly allowed to be served concurrently with the enhancements in the other count.
In the instant case, the appellant pleaded guilty to two counts of unlawful distribution of controlled substances and was given two separate sentences, each sentence containing enhancements pursuant to both § 13A-12-250 and § 13A-12-270. As was the case in Fletcher, the trial court here improperly ordered each sentence to be served concurrently with the other sentence, resulting in the enhancements in one count being served concurrently with the enhancements in the other count. Although it was permissible to order that the base sentences of three years be served concurrently, the enhancements were to be served consecutively with every other penalty involved. Therefore, the sentences imposed upon the appellant did not comply with the statutory requirements and are due to be reversed.
Moreover, the appellant failed to preserve for review the issue whether the trial court failed to inform him of the effects of the sentencing enhancements. In his motion to withdraw his guilty pleas, the appellant argued that he misunderstood his plea agreement and the district attorney's recommended sentence, thinking that it called for one five-year enhancement on each count, rather than two five-year enhancements on each count. Nowhere in that motion did he allege that the trial court failed to inform him of the proper minimum and maximum possible sentences he was facing, including the effects of the enhancement provisions. In order to preserve an issue for our review, a party must first specifically raise the issue before the trial court. Acree v. State,673 So.2d 855, 856 (Ala.Cr.App. 1995); Singleton v. State,715 So.2d 233, 233-34 (Ala.Cr.App. 1997). The trial court must be given the first opportunity to address the issue. Cantu v.State, 660 So.2d 1026, 1029 (Ala. 1994). Because the specific argument raised by the appellant on appeal was not raised in his motion to withdraw his guilty pleas, the issue was not preserved for our review. Therefore, we remand this case to the trial court for *Page 1055 
resentencing consistent with this opinion. Due return shall be made to this Court within 49 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.*
LONG, P.J., and COBB, BASCHAB, and FRY, JJ., concur.
* Note from the reporter of decisions: On June 23, 2000, on return to remand, the Court of Criminal Appeals affirmed, without opinion.