This appeal arises from the summary dismissal of the Rule 32, Ala.R.Crim.P., petition for postconviction relief filed by the appellant, Billy Jerome Pearson. On August 13, 1997, the appellant pleaded guilty to two counts of unlawful distribution of a controlled substance. He was sentenced as a habitual felon to two concurrent 25-year terms of imprisonment. Each sentence included a 15-year base sentence, a 5-year enhancement pursuant to § 13A-12-250, Ala. Code 1975, because the sales occurred within three miles of an educational institution, and a 5-year enhancement pursuant to § 13A-12-270, Ala. Code 1975, because the sales occurred within three miles of a public housing project. The appellant did not appeal, but filed the petition at issue in this appeal, his third Rule 32 petition, on September 7, 1999. In this petition he argued that his trial counsel was ineffective for (1) failing to object to the State's evidence that the sales occurred within three miles of a public school and a housing project; (2) failing to object to the lack of evidence that "Pinecrest *Page 309 
School" was an educational institution and that the alleged housing project was owned by the housing authority; (3) and failing to object to the State's failure to provide notice to the appellant that it intended to proceed under the enhancement provisions. The circuit court denied the appellant's petition without an evidentiary hearing, stating in a detailed written order that the appellant's allegations were without merit because the appellant stipulated at his guilty plea hearing that the enhancement provisions would apply.
The circuit court's finding that the appellant's allegations were without merit was correct. The appellant conceded in his Rule 32 petition that he stipulated at his guilty plea hearing that the unlawful sales occurred within three miles of an educational facility and within three miles of a housing project. Therefore, the appellant, in effect, argues that his counsel was ineffective for failing to object to his own testimony at his guilty plea hearing. Furthermore, the appellant has failed to allege that any alleged ineffectiveness of counsel prejudiced his case as required under Strickland v. Washington, 466 U.S. 668,687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). He has not alleged, or presented any evidence indicating that Pinecrest School is not an educational institution, or that the alleged housing project was not owned by the housing authority. Therefore, the appellant has failed to show how his case would have been affected in any manner. The circuit court correctly held that the appellant's allegations were without merit.
The appellant claims that the trial court erred by failing to grant his motion to supplement the record. The appellant requested that the circuit clerk include a copy of the transcript of his guilty plea and sentencing proceeding in the record. However, the appellant's stipulation that the requirements for the enhancements had been met is included in the appellant's petition and the appellant has failed to show how a transcript of the guilty plea and sentencing hearing would change the circuit court's decision. Therefore, the circuit court's denial of the appellant's motion to supplement the record was not error.
Although the circuit court's summary denial of the appellant's Rule 32 petition is due to be affirmed, the appellant's sentences do not conform to the requirements of §§ 13A-12-250 and -270, Ala. Code 1975. In Fletcher v. State,675 So.2d 55, 56 (Ala.Cr.App. 1995), this Court held that the 5-year enhancements provided for in § 13A-12-250 and § 13A-12-270 must be served consecutively with every other penalty imposed upon the defendant, including sentences involved in separate counts. Quoting Scott v. State, 627 So.2d 1131, 1133 (Ala.Cr.App. 1993), this Court stated:
 "The legislative intent is that the five-year penalties shall not run concurrently with each other or any other sentence imposed. The enhancement terms provided for by these statutes must be `added to' any other penalty pronounced by the court."
Fletcher had been convicted of two counts of unlawful distribution of a controlled substance and had been sentenced to 10 years and 1 day on each count with 5-year enhancements under § 13A-12-250 and § 13A-12-270 added to each count. Fletcher, 675 So.2d at 56. The two sentences, which each totaled 20 years and a day, were to be served concurrently. Id. However, this Court remanded Fletcher's case to the trial court for resentencing because the enhancements in one count were improperly allowed to be served concurrently with the enhancements in the other count.
In the instant case, the appellant pleaded guilty to two counts of unlawful distribution of controlled substances and was given two separate sentences, each sentence containing enhancements pursuant to § 13A-12-250 and § 13A-12-270. As was the case in Fletcher, the trial court in the present case improperly ordered each sentence to be served concurrently with the other sentence, resulting in the enhancements *Page 310 
in one count being served concurrently with the enhancements in the other count. Although it was permissible to order that the 15-year base sentences be served concurrently with each other, the enhancements were to be served consecutively with every other penalty involved. Therefore, the sentences imposed upon the appellant did not comply with the statutory requirements and are due to be reversed. This case is remanded to the circuit court with instructions to resentence the appellant in a manner consistent with this opinion. Due return shall be made to this court within 42 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.
LONG, P.J., and COBB, BASCHAB, and FRY, JJ., concur.