On Return to Remand
On February 25, 2000, this Court remanded this case to the trial court with instructions to resentence the appellant, Billy Jerome Pearson, in accordance with Fletcher v. State, 675 So.2d 55
(Ala.Cr.App. 1995). See Pearson v. State, 777 So.2d 308
(Ala.Cr.App. 2000). In Pearson, the appellant had pleaded guilty to two counts of the unlawful distribution of a controlled substance, and the trial court sentenced the appellant as a habitual felon to two sentences of 25 years' imprisonment, to be served concurrently. Each sentence included a 15-year base sentence and a 5-year enhancement pursuant to § 13A-12-250, Ala. Code 1975, because the sales occurred within 3 miles of an educational institution, and a 5-year enhancement pursuant to §13A-12-270, Ala. Code 1975, because the sales occurred within 3 miles of a public housing project. During the appellant's appeal of the denial of a Rule 32 petition, this Court held that the concurrent sentences did not conform to the requirements of §13A-12-250, -270, Ala. Code 1975, as expressed in Fletcher. In Fletcher, this Court held that the five-year enhancements provided for in § 13A-12-250 and § 13A-12-270 must be served consecutively with every other penalty imposed upon the defendant, including sentences involved in separate counts. Because the trial court had
 ordered the sentences in separate counts, including the enhancement portions of the sentences, to be served concurrently, this Court remanded the case, directing the trial court to order the enhancement provisions to be served consecutively with all other sentences.
Although the trial court has fully complied with our directions and has filed a return to our remand order, on March 10, 2000, the Alabama Supreme Court in Ex parte Garner, [Ms. 1981307, Mar. 10, 2000 (Ala. 2000)], overruled Fletcher, holding that a trial court may order enhanced sentences imposed as the result of separate offenses to be served concurrently. Because the trial court's original order complies with the Alabama Supreme Court's interpretation of § 13A-12-250 and -270, Ala. Code 1975, the trial court's order resentencing the appellant is vacated, and that court is directed to reinstate its original order sentencing the appellant to concurrent terms. This case is remanded to the trial court with instructions to enter an order consistent with this opinion. Due return should be made to this Court within 42 days of the release of this opinion.
ORDER VACATED; REMANDED WITH INSTRUCTIONS.*
Long, P.J., and Cobb, Baschab, and Fry, JJ., concur.
* Note from the reporter of decisions: On June 23, 2000, on return to remand, the Court of Criminal Appeals affirmed, without opinion. *Page 311