844 So.2d 615 (2001)
John A. SPOONEY
v.
STATE of Alabama.
CR-00-1493.
Court of Criminal Appeals of Alabama.
December 21, 2001.
Opinion on Return to Remand May 31, 2002.
*616 Johannes T. Rech II, Montgomery, for appellant.
John A. Spooney, pro se.
William H. Pryor, Jr., atty. gen., and Melissa K. Atwood, asst. atty. gen., for appellee.
PER CURIAM.
On March 27, 2001, John A. Spooney pleaded guilty to the unlawful distribution of a controlled substance (marijuana) and to the failure to affix tax stamps, violations of §§ 13A-12-211 and 40-17A-9, Ala.Code 1975, respectively. On April 17, 2001, the trial court sentenced Spooney, as a habitual offender, to 15 years' imprisonment on the distribution charge and enhanced the sentence pursuant to § 13A-12-250, Ala. Code 1975, for a total of 20 years. The trial court also ordered that he serve 20 years' imprisonment on the tax-stamp count. The sentences were to run concurrently. On May 17, 2001, Spooney filed a pro se "Motion in Arrest of Judgment and New Trial," which the trial court summarily denied on May 25, 2001. This appeal followed.
On August 24, 2001, appellate counsel filed a brief and a motion to withdraw in substantial compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In his brief, counsel stated that, after a thorough review of the record, he maintained that it would be more appropriate to file a brief in accordance with Anders, rather than to present an appeal without merit. On September 10, 2001, Spooney filed his pro se claims, challenging the sufficiency of the unlawful distribution indictment and the enhancement of his sentence pursuant to § 13A-12-250. On October 5, 2001, Spooney's counsel filed a supplemental brief, wherein he argued the merits of one of Spooney's pro se claims.
Spooney's claim challenging the sufficiency of the unlawful distribution indictment is nonspecific. Moreover, we have reviewed both indictments in this case, and they are sufficient.
As for Spooney's argument regarding the enhancement of his sentence, he contends that the State failed to prove by a preponderance of the evidence that the drug sale occurred within three miles of a school. Initially, we point out that the standard of proof on this issue is beyond a reasonable doubt. See Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). More importantly, Spooney stipulated that the drug sale occurred within three miles of Dozier Elementary School. (R. 17.) Therefore, his argument is without merit.
We must, however, remand this cause to the trial court for resentencing. At the sentencing hearing, Spooney stipulated to having three prior felony convictions. The trial court then sentenced Spooney to 15 years for the conviction for the unlawful distribution of a controlled *617 substance and enhanced that sentence by 5 years pursuant to § 13A-12-250, so that he was sentenced to a total of 20 years in prison. This is incorrect. The base sentence was only 15 years. The unlawful distribution of a controlled substance is a Class B felony. See § 13A-12-211(b), Ala. Code 1975. According to the Habitual Felony Offender Act, the sentence for a Class B felony with three prior felony convictions is "for life or any term not less than 20 years."
We therefore remand this cause for the trial court to resentence Spooney to a minimum sentence of 20 years' imprisonment (before any enhancements) on his distribution conviction. The trial court is also to assess the mandatory Drug Demand Reduction Assessment fine pursuant to § 13A-12-211, Ala.Code 1975, according to the number of prior drug offenses Spooney has, and to assess the Alabama Forensic Sciences Trust Fund fine pursuant to § 36-18-7(a), Ala.Code 1975. Additionally, the trial court is to indicate on the record that Spooney's driving privileges should be suspended by the Department of Public Safety, as provided by § 13A-12-290, Ala.Code 1975. Finally, the trial court is to clarify its entry on the case action sheet that Spooney's sentence was enhanced pursuant to the housing zone enhancement; the record indicates that his sentence was actually enhanced pursuant to the school zone enhancement. Due return shall be made to this Court within 35 days of the release of this opinion.
REMANDED WITH DIRECTIONS.
McMILLAN, P.J., and BASCHAB and WISE, JJ., concur. COBB and SHAW, JJ., concur in part and dissent in part, with opinions.
COBB, Judge (concurring in part and dissenting in part).
I concur in affirming the appellant's conviction; however, I would reverse his sentence and remand the case for resentencing in accordance with Judge Shaw's special writing in Poole v. State, 846 So.2d 370, 389 (Ala.Crim.App.2001), with which I concurred as to this issue. As to those points on which I disagree with Judge Shaw, see my special writing in Poole, 846 So.2d at 398.
I believe that these sentence enhancements must be charged in the indictment and proved to the jury beyond a reasonable doubt, and that the failure to charge these sentence enhancements in the indictment is a jurisdictional defect which this Court should notice and remedy on appeal. Therefore, as to the sentencing issue, I dissent.
SHAW, Judge (concurring in part and dissenting in part).
I concur to affirm John A. Spooney's conviction for the unlawful distribution of a controlled substance and I concur with the majority opinion that Spooney's 15-year base sentence was improper and that this case must be remanded for the trial court to resentence Spooney to a sentence of not less than 20 years' imprisonment, pursuant to the Habitual Felony Offender Act. However, because neither the enhancement provision of § 13A-12-250, Ala.Code 1975, nor the enhancement provision of § 13A-12-270, Ala.Code 1975, was charged in Spooney's indictment, I also believe that Spooney's original sentence was improperly enhanced and that on resentencing no enhancement provision should be applied. See my special writing in Poole v. State, 846 So.2d 370, 389 (Ala.Crim.App.2001) (Shaw, J., concurring in the result). Because the majority opinion, by specifically requiring the trial court to increase Spooney's base sentence, to impose certain *618 fines, to note on the record that Spooney's driving privileges should be suspended, and to clarify whether the enhancement provision of § 13A-12-250 or § 13A-12-270 was applied to his sentence, appears to leave intact the five-year enhancement, whether it be under § 13A-12-250 or § 13A-12-270, I must respectfully dissent as to the sentencing issue.

On Return to Remand
PER CURIAM.
On December 21, 2001, this Court remanded this cause for the trial court to resentence John A. Spooney in accordance with the Habitual Felony Offender Act and to impose certain mandatory fines. We also asked the trial court to clarify the case-action sheet to indicate whether the public-housing enhancement or the school-zone enhancement had been used to enhance Spooney's sentence. See §§ 13A-12-250 and -270, Ala.Code 1975.
On remand, the trial court imposed the mandatory fines and clarified the case-action sheet, finding that Spooney had distributed a controlled substance within 1.2 miles of an elementary school, rather than a public-housing project. However, the trial court has not attached a copy of the corrected case-action sheet.
More troubling to this Court is the fact that, although the trial court sentenced Spooney to 20 years in prison, the minimum sentence mandated by the Habitual Felony Offender Act for a defendant convicted of a Class B felony, with three prior convictions, see § 13A-5-9(c)(2), Ala.Code 1975, the court merely "t[ook] into consideration that the school enhancement applies." The trial court apparently did not want to enhance Spooney's 20-year sentence by an additional 5 years, as mandated by § 13A-12-250.
The circuit court acknowledged that Spooney had distributed a controlled substance within three miles of a public school. Therefore, application of the sentencing enhancement in § 13A-12-250 is mandatory. Bryant v. State, 638 So.2d 1389 (Ala.Crim.App.1993).
We remand this cause a second time in order for the circuit court to enhance Spooney's 20-year sentence by 5 additional years, resulting in a total sentence of 25 years in prison. Because the application of this enhancement is mandatory, Spooney's presence at the hearing is not required. The circuit court is also directed to provide a corrected case-action sheet reflecting that Spooney's sentence enhancement is pursuant to § 13A-12-250, rather than § 13A-12-270. Due return shall be made to this Court within 14 days of the release of this opinion.
REMANDED WITH DIRECTIONS.[*]
McMILLAN, P.J., and BASCHAB and WISE, JJ., concur. COBB and SHAW, JJ., dissent on the basis of improper application of sentence enhancements.
NOTES
[*] Note from the reporter of decisions: On August 23, 2002, on return to remand, the Court of Criminal Appeals affirmed, without opinion.