McMILLAN, Judge.
The appellant, Anderson J. Freeman, Jr., appeals from the denial of appellant’s Rule 32, Ala.R.Cr.P., petition. The appellant was convicted of rape in the first degree, a violation of § 13A-6-61, Code of Alabama 1975. He was sentenced to life imprisonment without parole pursuant to the Alabama Habitual Felony Offender Act. The appellant’s direct appeal was dismissed as untimely. Subsequently, the trial court granted the appellant’s Rule 32 petition seeking an out-of-time appeal.
The appellant contends that the trial court erred by giving the jury a “dynamite” or Allen charge. Specifically, he contends that the trial court “over-emphasized the costs of a trial and placed more emphasis on the minority listening to the majority.”
The record indicates that after the jury had deliberated four to five hours, the trial court gave the following supplemental charge:
“THE COURT: Ladies and gentlemen of the jury, I feel I need to tell you this — I don’t want to release you to quit your deliberations. I know that you have been there a long time and you have been trying. It cost the State a lot of money to try this case and if you' cannot reach a decision, then we will have to retry the case. Now that may happen, and if it does happen, then it happens. But at the same time, we have this unique situation where we cannot just go on forever and ever. We have some of the jurors who are coming back on another case tomorrow and for that reason, I had hoped we could get a verdict in this ease tonight. And for that reason, I’m going to ask you to try longer, it’s important that you reach a verdict. I want you to make every effort to reach a verdict. I don’t know how you are divided and don’t want to know. But you’ve all heard the same testimony and I don’t want you to compromise on the way you feel or what you believe, but at the same time, if you are in a minority on this jury, you’ve heard exactly the same testimony that all these other jurors have. And you’ve all said under oath that I’m going to well and truly try this case based upon the evidence. And I charge you to take the law and apply to that evidence in reaching your decision. And you’re not to let sympathy, bias or prejudice enter into it or emotions. And for that reason, if you’re in a minority, I don’t ask you necessarily to change your mind, but listen to the logic of the people that are in the majority. If all those other people have come to some conclusion that’s different from yours, there must be some reason they’ve done so that’s logical, based upon the evidence they’ve heard — the testimony they’ve heard and the law that I’ve given them. The other parties in there have not used— necessarily have not used bias or prejudice or sympathy for either party in reaching that conclusion. I ask you to do that in the sense of harmony in attempting to get to the truth of the matter that’s before us this afternoon in reaching a verdict. And do not — what I’m saying is if you are in a minority in the group that’s on the jury, don’t adhere to your *160 opinion just because of stubbornness; consider the great expense and time that we’ve put into this trial and the time and expense that another trial would involve. And just as it is the duty of the majority of you to listen to the views of whoever is in the minority in this group, it’s also the duty of the minority to listen to the views of the majority. And for some reason if— if for some reason the majority has reached a conclusion that’s different from yours, there must be some logic to it based on what they have heard from the witness stand and what the court has given to them. I’m sure that you have attempted to do that to some extent, but the reasons I’m asking you to go further is that I want to come to a conclusion in this case. You see, the arguments of the majority sometimes and the impressions made upon them by the evidence, even if there is a disparity of opinion, you should confer together and pay a proper respect to the others’ opinions in listening to their arguments to the end of attempting to reach a verdict in this case. And that can be done sometimes by sitting down and letting each side discuss their views on this and perhaps in that way they can reach a decision. Now are you having a problem with law? If you do, I will attempt to explain the law to you — is the problem with the law? Obviously not. You see, I think all of you are equally honest, intelligent and sincere and you’ve heard the same evidence and with the same attention and should have an equal desire to arrive at the truth from the same oath given to each of you. So I’m going to ask you to go back in and attempt to — taking in mind what I have told you just now, take it in mind and take it back into that jury room and see if you cannot reach a verdict. Mr. Bailiff, you can take them back.”
Approximately 45 minutes after this charge was given, the jury returned a verdict of guilty.
The trial court’s charge did not over-emphasize the costs of a trial. See King v. State, 574 So.2d 921 (Ala.Cr.App.1990) (wherein this court held that the trial court did not err in mentioning the expense of a new trial in its Allen charge in a supplemental instruction). However, the court’s repeated admonitions to the jury, that those in the minority should listen to the views of the members of the jury who were in the majority, placed undue influence on those in the minority by suggesting that they conform to the will of the majority; hence, the trial court’s actions effectively undermined the jury’s deliberations.
In Ex parte Morris, 465 So.2d 1180, 1182 (Ala.1985), the Alabama Supreme Court stated that “[t]he admonitions of [the Allen ] charge are as valid today as when Allen was decided in 1896.” In holding that the trial court’s “words and deeds” had crossed the “Allen line,” the court, in Ex parte Morris, stated:
“Indeed, ‘[i]t is quite clear that under Alabama law a trial judge may urge a jury to resume deliberations and cultivate a spirit of harmony so as to reach a verdict, as long as the court does not suggest which way the verdict should be returned and no duress or coercion is used.’ Showers v. State, 407 So.2d 169, 171 (Ala.1981).”
465 So.2d at 1182.
Additionally, this court, in Voyles v. State, 596 So.2d 31, 35 (Ala.Cr.App.1991), reiterated the standard regarding an Allen or “dynamite” charge as follows:
“ ‘ “It is not improper for the trial court to urge upon the jury the duty of attempting to reach an agreement or verdict so long as it does not coerce or suggest which way the verdict should be returned. McMorris v. State, 394 So.2d 392 (Ala.Cr.App.1980), cert. denied, 394 So.2d 404 (Ala.1981); Allred v. State, 390 So.2d 1109 (Ala.Cr.App.), cert. denied, 390 So.2d 1114 (Ala.1980); Lake v. State, 390 So.2d 1088 (Ala.Cr.App.), cert. denied, 390 So.2d 1093 (Ala.1980).” Galloway v. State, 416 So.2d 1103, 1109 (Ala. Cr.App.1982). “In situations such as the one at issue, judges may, and frequently do, encourage jurors to continue deliberating in the hope that some agreement will be reached. This is never improper as long as the judge does not coerce the jury to reach a verdict or suggest to them a particular verdict. Strickland v. *161 State, 348 So.2d 1105 (Ala.Cr.App.1977); Jones v. State, 56 Ala.App. 444, 322 So.2d 735 (1975).” Murry v. State, 455 So.2d 53, 54 (Ala.Cr.App.1983).’
“Mahan v. State, 508 So.2d 1180, 1184 (Ala.Crim.App.1986) (emphasis added).
“ ‘It has been held that the words and deeds of the trial judge, in charging the jury, may not contain even “the least appearance of duress or coercion,” Gidley v. State, 19 Ala.App. 113, 95 So. 330 (1923), and that the judge’s charge “must be examined so that the suspect language is tested in the whole context of its setting.” Orr v. State, 40 Ala.App. 45, 111 So.2d 627 (1958).’
“Ex parte Morris, 465 So.2d 1180, 1183 (Ala.1985). See also Evans v. State, 338 So.2d 1033 (Ala.Crim.App.1976), cert. denied, 348 So.2d 784 (Ala.1977).”
See also Ashford v. McKee, 183 Ala. 620, 62 So. 879, 885 (1913) (wherein the Alabama Supreme Court held, “[I]t is not proper to give an instruction censuring jurors for not agreeing with the majority.” Thus, in Voyles, 596 So.2d at 38, this court stated that “the cumulative effect of [the judges’] remarks to the jury exceeded the bounds of permissible instructions by coercing the jury into reaching a unanimous verdict which the jury would probably not have rendered but for such coercion.” This court in Voyles further noted that “it seems incredulous that the jury, after deliberating for over seven hours and after having just made it known to the court it was having great difficulty reaching a unanimous verdict, could have settled all disagreements in a mere eight minutes.” Id. at 37.
Likewise, the record in this case indicates that approximately 45 minutes passed after the trial court gave the aforestated instruction and before a verdict of guilty was returned. Because the trial court’s repeated admonitions to the minority on the jury that it should conform with the majority clearly suggested which way the verdict should be returned and coerced the minority into conforming with the majority, we must reverse the judgment and remand the cause for proceedings consistent with this opinion.
REVERSED AND REMANDED.
All Judges concur, except MONTIEL, J., who dissents, without opinion.