William Garner III was convicted in the Circuit Court of Geneva County for two counts of unlawful distribution of a controlled substance, violations of § 13A-12-211, Ala. Code 1975. He received two 12-year prison sentences; those sentences were to be served concurrently. Garner appeals the trial court's refusal to declare a mistrial. Specifically, Garner contends (1) that the trial judge erred in expressing to the jury that it should reach a verdict by the end of the day; and (2) that the trial judge erred in telling the jury that Garner had objected to the trial judge's statements made outside the presence of the jury.
 Facts
At the close of his instructions to the jury and before the jury deliberated, the trial judge made the following statement:
 "In the meantime, until you have reached your verdict and until the verdict has been received and you have been discharged, it will be necessary that you stay together. If y'all are unable to reach a verdict, then we'll discuss about separating for the night, but I think you'll be able to conclude this, or I certainly hope you will be, before time for us to break for the night."
(R. 157.) Garner's counsel subsequently moved for a mistrial outside the presence of the jury, arguing that the judge's comments had improperly implied that the jury must reach a verdict before the end of the day. (R. 158.) The trial judge denied the motion, and he then made the following statement to the jury:
 "Ladies and gentlemen of the jury, the defense has made an objection to something I said. When I told y'all I hoped y'all would be through today, I did not mean to imply in any way that *Page 251 
you should return a quick decision, either a quick decision to acquit or a quick decision to convict.
 "You should take your time and deliberate — take as much time as you need to discuss the evidence in this case. And I want to make sure you understand that I'm not pushing y'all to do anything, either to acquit or convict.
 "It's about a quarter until four in the afternoon, and I had just hoped that we wouldn't have to separate for the night, but if we need to, we'll certainly do that."
(R. 159-60.) Following the judge's statements, Garner's counsel renewed his motion for a mistrial, and the judge again denied the motion. (R. 160-61.) The jury returned with a verdict at 6:20 p.m., after deliberating for approximately two hours. (R. 163, 165.)
 I.
Garner argues that it was improper for the trial judge to comment to the jury following the jury charges. After reviewing the record, we hold that the judge's comments did not constitute reversible error.
When the trial judge is charging the jury, his words must "not contain even `the least appearance of duress or coercion.'" Freeman v. State,659 So.2d 158, 161 (Ala.Cr.App. 1994) (quoting Gidley v. State, 95 So. 330
(1923)); Voyles v. State, 596 So.2d 31, 35 (Ala.Cr.App. 1991). Reviewing his comments, this court must examine the totality of the circumstances surrounding the comments, including the context. See Freeman, 659 So.2d at 161. According to our prior decisions, "[i]t is not improper for the trial court to urge upon the jury the duty of attempting to reach an agreement or verdict as long as it does not coerce or suggest which way the verdict should be returned." Id. at 160; Mahan v. State,508 So.2d 1180, 1184 (Ala.Cr.App. 1986).
Considering the totality of the circumstances, we find that the trial judge's statements were not coercive. As indicated by the portion of the record reproduced above, the judge told the jury that it would be necessary for the jury members to stay together until they reached a verdict. He then stated that he hoped they would "conclude" by the end of the day. After Garner requested a mistrial, the judge cured any error that his remarks may have caused. He told the jury that he did not intend to imply that the jury should quickly return a verdict to acquit or to convict. The judge made all of these remarks before the jury began deliberating. Other cases holding that statements made by the judge to the jury during deliberations were coercive are easily distinguishable. See Freeman, 659 So.2d at 161 (holding that the "repeated admonitions to the minority on the jury that it should conform with the majority clearly suggested which way the verdict should be returned"); Voyles, 596 So.2d at 38 (holding that the cumulative effect of repeated remarks by two judges about the need for the jury to reach a verdict during its deliberations was unduly coercive). Likewise, if the trial judge's comments would have suggested what verdict he would like the jury to return, Garner would have a strong argument that the judge was being coercive. The trial judge did not make this type of suggestion, however.
It is important to note that during his instructions to the jury and before he made the remarks at issue here, the judge stated:
 "I have no opinion as to the facts in this case, and I do not want you to think that anything that I have said in this charge or otherwise, or any rulings that *Page 252 
I have made, that I think one way or the other about the facts."
(R. 155.) Through this instruction, the judge clearly relayed to the jury that he was unbiased as to the verdict it should return.
Our review of the substance and timing of the judge's remarks, his curative statement to the jury following Garner's motion for a mistrial, and his jury instruction before he made the remarks convinces us that the judge's remarks were not coercive. Thus, the judge's denial of Garner's motion for a mistrial was proper, and the judgment of the trial court is affirmed.
 II.
Garner next contends that it was improper for the trial judge to inform the jury of Garner's objection to the judge's remarks. Specifically, Garner argues that the judge "circumvented [Garner's] right to object outside the jury." (Appellant's brief, p. 7.) We find this argument to be without merit.
Rule 103(b), Ala.R.Evid., provides that "[t]he court may add any other or further statement which shows the character of . . . the objection made." This rule "recognizes the discretionary power of the trial court to supplement an offer of proof or an objection with a clarifying statement." Ala.R.Evid. 103(b), advisory committee's notes. While Garner raised his objection outside the presence of the jury, nothing precluded the judge from referring to this objection in the presence of the jury.
The trial judge informed the jury that the defense had objected to the comments the judge made at the close of the jury charge. The judge then clarified his statements in an effort to eliminate any misleading inferences that the jury may have drawn from the judge's remarks. This clarification was completely within the judge's discretion. See Ala.R.Evid. 103(b). Moreover, Garner failed to show that he suffered substantial harm from the judge's reference to Garner's objection. "Remarks by the trial judge may be open to criticism, but they are not [reversible] error unless they may have affected the result of the trial." Arnold v. State, 601 So.2d 145, 151 (Ala.Cr.App. 1992) (citing McCovery v. State, 365 So.2d 358, 362-63 (Ala.Cr.App. 1978)). In order for the judge's remarks concerning counsel's objection to be reversible error, the comments must have influenced the result of the trial in some way. See id. The judge's statements were merely curative; they did not affect the result of the trial. Thus, the trial judge's comments concerning Garner's objection were proper.
 III.
Although we are affirming Garner's convictions, the State correctly asserts in its brief that this case must be remanded to the circuit court for resentencing and for the assessment of additional mandatory fines. (Appellee's brief, p. 11.)
 A.
Garner was sentenced to 12 years in prison for each count of unlawful distribution of a controlled substance; these sentences were to be served concurrently. The State contends that Garner's sentences are due to be enhanced pursuant to §§ 13A-12-250 and 13A-12-270, Ala. Code 1975. Section § 13A-12-250 imposes a penalty of five years' incarceration, in addition to any other penalties, if the unlawful distribution occurs within a three-mile radius of a school. Similarly, § 13A-12-270
imposes a penalty of five years' incarceration, in addition to any other penalties, if the unlawful distribution occurred within a three-mile radius of a housing project owned by a public housing authority. Both the sentencing order and the case action summary sheet indicate that Garner stipulated that his unlawful sales occurred *Page 253 
within three miles of a school and a public housing authority. (C. 9, 67.) The sentencing order further states that the enhancements are included in the concurrent sentence. (C. 67.)
This case is due to be remanded to the circuit court for resentencing. The intent behind the enhancement statutes "is that the five-year penalties shall not run concurrently with each other or any other sentence imposed." Fletcher v. State, 675 So.2d 55, 56 (Ala.Cr.App. 1995) (quoting Scott v. State, 627 So.2d 1131, 1133 (Ala.Cr.App. 1993)). The enhancement sentences should be in addition to any other penalties. See id. Although it does not appear from the record that an objection was made during Garner's sentencing hearing, it is our duty to "conform the appellant's sentence to the statutory requirements." Id. The application of the statutes results in a minimum mandatory sentence of 20 years, in enhancements alone.
 B.
In addition to improperly sentencing Garner, the trial court failed to impose the fines required by § 13A-12-281, Ala. Code 1975. The statute authorizes, in addition to any other penalties, a penalty for each violation of § 13A-12-211, Ala. Code 1975, of $1,000 for first-time offenders and $2,000 for second-time offenders. The assessment of these fines is mandatory. See Ex parte Alabama, 677 So.2d 246, 247
(Ala. 1995); Fletcher, 675 So.2d at 54.
In accordance with the State's request, we remand this case to the trial court for resentencing in accordance with the enhancement provisions of §§ 13A-12-250 and -270 and imposing the proper fines in accordance with § 13A-12-281, Ala. Code 1975. The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 70 days of the release of this opinion. The return to remand shall include a transcript of any proceedings conducted by the trial court.
For the above-stated reasons, Garner's convictions for two counts of unlawful distribution of a controlled substance are hereby affirmed, and this case is remanded for resentencing and the imposition of fines.
AFFIRMED AS TO CONVICTION; REMANDED FOR RESENTENCING.
Long, P.J., and McMillan, Brown, and Baschab, JJ., concur.