William Garner III was convicted in the Circuit Court of Geneva County, under two separate indictments, for unlawful distribution of a controlled substance, violations of §13A-12-211, Ala. Code 1975. The two cases were consolidated for trial. Garner stipulated that his unlawful sales occurred within three miles of a school and within three miles of a public housing project owned by a housing authority. Garner was sentenced in each case to imprisonment for a term of two years plus five additional and consecutive years because the sales occurred within three miles of a school and five more additional and consecutive years because the sales occurred within three miles of a public-housing facility. Thus, Garner was sentenced in each case to 12 years' imprisonment. The two 12 year sentences were to run concurrently.
The Court of Criminal Appeals affirmed Garner's convictions, but remanded his cases for resentencing and for assessment of additional mandatory fines. Garner v. State, 781 So.2d 249
(Ala.Crim.App. 1998). Section 13A-12-281, Ala. Code 1975, requires that, for each violation of § 13A-12-211, Ala. Code 1975, the trial court impose a mandatory fine of $1,000 for a first offense *Page 255 
and a mandatory fine of $2,000 for a second or subsequent offense.
On remand, the circuit court sentenced Garner to a total of 22 years' imprisonment: two 2-year sentences that are to run concurrently, for Garner's violations of § 13A-12-211, Ala. Code 1975; two 5-year enhancements pursuant to § 13A-12-250; and two 5-year enhancements pursuant to § 13A-12-270. The four enhancements were to run consecutively to one another and to the two-year sentence. The Court of Criminal Appeals, on March 26, 1999, on the trial court's return to remand, affirmed, without an opinion.
We granted certiorari review to determine whether the Court of Criminal Appeals erred in remanding this case for resentencing, even though the initial sentence had provided that in each of the two cases the enhancements were to be served consecutively.
Section 13A-12-250 states:
 "In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a controlled substance, there is hereby imposed a penalty of five years incarceration in a state corrections facility with no provision for probation if the situs of such unlawful sale was on the campus or within a three-mile radius of the campus boundaries of any public or private school, college, university or other educational institution in this state."
Section 13A-12-270 reads:
 "In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a controlled substance, there is hereby imposed a penalty of five years incarceration in a state corrections facility with no provision for probation if the situs of such unlawful sale was within a three-mile radius of a public housing project owned by a housing authority."
The trial court, in its original sentencing order, directed that in each of his two cases Garner was to serve two years for the unlawful-distribution conviction and was to serve two additional five-year terms provided for by the enhancement statutes for selling a controlled substance within a three-mile radius of a school and within a three-mile radius of a public housing project. In each case, the trial court imposed a sentence totaling 12 years, the mandatory sentence called for by the provisions of §§ 13A-12-250 and 13A-12-270. In each case, the trial court did what was required by those statutes. Nothing in these statutes prevented the trial court from allowing the two 12-year sentences to run concurrently.
The Court of Criminal Appeals has held that the enhancement terms called for by §§ 13A-12-250 and -270 "may not be served concurrently in an individual case," i.e., when the two enhancements are imposed as punishment for the same offense. SeeNye v. State, 639 So.2d 1383 (Ala.Crim.App. 1994). InFletcher v. State, 675 So.2d 55 (Ala.Crim.App. 1995), which the Court of Criminal Appeals relied on in remanding Garner's cases for resentencing, the defendant was convicted under one indictment containing two counts, each count alleging a separate offense. The sentences imposed for the separate offenses were both increased by application of the enhancement statutes. The Court of Criminal Appeals held that the additional terms of imprisonment imposed as enhancement in the one case could not be served concurrently with the additional terms imposed as enhancement in the other case. This present proceeding involves two separate cases (each alleging a separate offense) that were consolidated for trial. While the enhancement statutes require *Page 256 
that different enhancements for a single offense be served consecutively, the consecutive-service provisions of the enhancement statutes do not apply to convictions based on separate offenses. Sentences imposed for separate offenses — whether those offenses are charged together in the same indictment or are charged separately in distinct indictments; and whether the charges alleging those separate offenses are tried together in the same trial or are tried in separate trials — may be served concurrently, in the discretion of the trial judge. To the extent Fletcher v. State
holds to the contrary, it is overruled. Thus, we hold that it is within the trial court's discretion to allow sentences imposed for separate offenses to run concurrently when §§ 13A-12-250 and13A-12-270 apply.
To the extent it ordered that the enhancement portions of Garner's sentence for the one offense be served consecutively to the enhancement portions of his sentence for the other offense, the judgment of the Court of Criminal Appeals is reversed. We affirm that part of the Court of Criminal Appeals' judgment ordering the trial court to impose the fine mandated by §13A-12-211, Ala. Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
Hooper, C.J., and Maddox, Houston, Cook, See, Lyons, and Johnstone, JJ., concur.
Brown, J., recuses herself.*
* Justice Brown was a member of the Court of Criminal Appeals when that court considered this case.