On Remand from the Alabama Supreme Court

COBB, Judge.
William Garner III was convicted of two counts of unlawful distribution of a controlled substance, violations of § 13A-12-211, Ala.Code 1975. Garner stipulated that both unlawful sales occurred within a three-mile radius of a school and within a three-mile radius of a public housing project owned by a housing authority. Garner was sentenced in each case to imprisonment for two years plus five additional years because the drug sale occurred within three miles of a school and five more years because the sale occurred within three miles of a public housing project. Thus, Garner was sentenced in each case to 12 years’ imprisonment, to be served concurrently. This court, relying on Fletcher v. State, 675 So.2d 55 (Ala.Crim.App.1995), remanded the case to the trial *257 court for resentencing, holding that § 13A-12-250 and § 13A-12-270, Ala. Code 1975, required that the enhancements in one case be served consecutively with the additional enhancements imposed in the other case. Garner v. State, 781 So.2d 249 (Ala.Crim.App.1998). The trial court complied with this court’s direction and resentenced Garner to 2 years’ imprisonment in each case, to run concurrently, and 10 additional years in each case, those 10-year sentences to run consecutively with each other. On return to remand, this court, on March 26, 1999, affirmed the convictions and sentences, without an opinion. The Alabama Supreme Court granted certiorari review. That Court affirmed the convictions, but, to the extent that this court held that the enhancement portions of Garner’s sentence for one offense had to be served consecutively to the enhancement portions of his sentence for the second offense, the Supreme Court reversed. The Supreme Court held:
“While the enhancement statutes require that different enhancements for a single offense be served consecutively, the consecutive-service provisions of the enhancement statutes do not apply to convictions based on separate offenses. Sentences imposed for separate offenses—whether those offenses are charged together in the same indictment or are charged separately in distinct indictments; and whether the charges alleging those separate offenses are tried together in the same trial or are tried in separate trials—may be served concurrently, in the discretion of the trial judge. To the extent Fletcher v. State holds to the contrary, it is overruled.”
Ex parte Garner, 781 So.2d 253 (Ala. 2000).
On the authority of Ex parte Garner, supra,-this cause is remanded to the trial court so that that court may vacate that portion of the resentencing that requires that the two 10-year enhancement provisions in cases nos. CC-95-115 and -166 be served consecutively. The trial court shall take all necessary action to allow a return to remand to be filed with this court within 30 days of this opinion. Such return shall include the trial court’s written findings and, if necessary, a transcript of any hearing.
REMANDED WITH DIRECTIONS *
LONG, P.J., and McMILLAN, BASCHAB, and FRY, JJ., concur.

 Note from the reporter of decisions: On October 20, 2000, on return to the second remand, the Court of Criminal Appeals affirmed, without opinion.