Linda Woods was convicted of two counts of distribution of cocaine, violations of § 13A-12-211, Ala. Code 1975. She was sentenced to 12 years' imprisonment on each count, with the sentences to run consecutively. Her sentences were enhanced under § 13A-12-250, Ala. Code 1975, and § 13A-12-270, Ala. Code 1975, for selling drugs within a three-mile radius of both a public school and a public housing project.
The charges were based on Woods selling drugs twice, on February 19, 1999, to *Page 1015 
an informant "wired" with audio-surveillance equipment. The informant went to Woods's house on two occasions that day and purchased crack cocaine. The transactions were tape-recorded by the Pike County investigators from the wire worn by the informant. On the tapes, the informant asks for "Linda." The informant testified in court that during that visit, she asked Woods for a "dime piece" of crack cocaine and gave her $10 for the cocaine. After leaving Woods's house, the informant met law enforcement officers and gave them the crack cocaine she had just purchased.
On the second visit later that night, almost everything on the tape is inaudible, except for the knocking on the door. The informant testified that she requested a "$20 piece" of crack cocaine during the second visit and that Woods reached into her pocket and gave it to her. The informant turned this crack cocaine over to authorities after the meeting as well.
Defense counsel listened to the State's tape-recordings of the drug transactions before trial, and she was also given a tape that contained both transactions. At trial, defense counsel stated that the tapes played in court were much clearer than those she had heard before trial, and she asked that the jury be told to disregard them. The tapes were compared outside the presence of the jury, and the judge stated that there was little difference between the two sets of tapes. Woods's copy of the tapes was attached to the file as Defendant's Exhibit "A," but it was never introduced to the jury.
 I.
Woods first argues that the court should have suppressed the tape-recordings of the drug transaction, or in the alternative, should have allowed the Defendant's Exhibit "A" to be admitted as well. A determination of the admissibility of evidence is within the trial court's sound discretion, and should not be disturbed on appeal unless an abuse of discretion is clearly shown. Ex parte Loggins 771 So.2d 1093
(Ala. 2000); Ward v. State, 440 So.2d 1227 (Ala.Crim.App. 1983); Wicker v. State, 433 So.2d 1190 (Ala.Crim.App. 1983).
After listening to the State's tapes as well as the copy of the tape that had been provided to the defendant, we conclude, as did the trial court, that the tapes are substantially the same. Nothing indicates that the tapes have been tampered with. As the trial court noted, some words are more distinguishable on the tapes the State introduced at trial, and other words are more distinguishable on the tape provided to the defendant before trial. Likewise, during the suppression hearing, defense counsel stated that her objection was based solely on the fact that the tape that was provided to her did not portray exactly what she heard on the State's tapes of the same transactions. While Woods's attorney wanted the judge to instruct the jury to disregard the State's tape exhibits, the judge found that Woods's attorney had been given an opportunity to listen to the State's tapes and that she had listened to those tapes introduced as State's Exhibits 1 and 4. The judge also noted that, while he could hear some things more clearly on the State's tapes, other portions of the conversations were more easily understood on the defendant's tape. Woods showed no abuse of discretion in the trial judge's decision to admit the tapes and, absent such a showing, they were properly admitted.
Woods also argues that the court should have submitted the defense tape to the jury. Nothing in the record indicates that Woods ever sought to have the tape introduced as evidence for the jury to consider. Issues that are not presented to *Page 1016 
the trial court are not properly raised for review at the appellate level. Cole v. State, 721 So.2d 255, 259 (Ala.Crim.App. 1998). In order for an issue to be preserved for appellate review, there must be an adverse ruling on the record. Harris v. State, 745 So.2d 940
(Ala.Crim.App. 1999). Because no such ruling exists in the record, this issue is not properly before the Court.
 II.
Woods next argues that the trial judge never adjudicated her guilty, and that her convictions are void. This argument is without merit. Rule 26.2(b)(1), Ala.R.Crim.P., provides:
 "Upon a determination of guilt on any charge, or on any count of any charge, judgment pertaining to that count or to that charge shall be pronounced and entered together with the sentence. Pronouncement of judgment may be delayed if necessary until such time as sentence can be pronounced."
At sentencing the trial judge stated,
 "I will accept the pre-sentence report as filed. Now this is a sentence hearing. Before I begin that, in case number CC-99-98 and -99, based on a properly struck petit jury's verdict in each case, I pronounce you guilty of unlawful distribution of a controlled substance, to wit, cocaine in each case."
Clearly, Woods was pronounced guilty by the trial court in a manner permitted by Rule 26.2(b)(1), Ala.R.Crim.P. Accordingly, this argument is without merit.
 III.
Woods's last argument is that the trial judge did not give her attorney an opportunity to ask whether her two-year sentence in count one could run concurrently with the two-year sentence in count two. The trial judge, when sentencing Woods, made the following comments:
 "`In addition to any penalties heretofore or hereafter provided by law, for any person convicted of an unlawful sale of a controlled substance, there is hereby imposed a penalty of five years incarceration in a state correction facility with no provision for probation if the situs of such an unlawful sale was on the campus or within a three-mile radius of the campus boundaries of any public or private school, college, university or other educational institution in this state.' It absolutely gives me no discretion. The same rule applies on sale within a three-mile radius of a public housing project. It absolutely gives me no discretion. That is a mandatory sentence that no probation can be given. The law has also been interpreted in applying those, that they must be consecutive. They cannot run them [concurrently].
 ". . . Now, back in CC-99-98. I pronounce a total of 12 years. In CC-99-99, I have already sentenced you to the base sentence of years. I also must impose the mandatory sentence for the three-mile radius of the public school and a public housing [project], five years each. They must be consecutive. So in CC-99-99, you also have a sentence of 12 years. The law requires that these sentences be consecutive. That is a total of 24 years."
(R. 173-176.)
The following exchange then took place between Woods's counsel and the trial judge:
 "Ms. Penn: Is it possible that two years can run concurrent such that she can be serving her two years while she's serving her —
 "The Court: I cannot make them concurrent with the mandatory sentences. Statute says in addition to, and that's *Page 1017 
the catch. It does not give me that discretion to make it concurrent with the mandatory time. Okay. Good luck to you, ma'am. You're remanded to the custody of the sheriff for execution of your sentence."
(R. 179.)
On appeal, Woods argues that her trial counsel was not given an opportunity to make a full objection regarding her sentence before the court interjected.
In Ex parte Garner, 781 So.2d 253 (Ala. 2000), the Alabama Supreme Court held that it is within the trial court's discretion to allow enhancements imposed pursuant to § 13A-12-250 and 13A-12-270, Ala. Code 1975, to run concurrently when the defendant is convicted of separate offenses. The Supreme Court held:
 "While the enhancement statutes require that different enhancements for a single offense be served consecutively, the consecutive-service provisions of the enhancement statutes do not apply to convictions based on separate offenses — whether those offenses are charged together in the same indictment or are charged separately in distinct indictments; and whether the charges alleging those separate offenses are tried together in the same trial or are tried in separate trials — may be served concurrently, in the discretion of the trial judge."
781 So.2d at 255-56.
In light of that holding and the trial judge's comments during sentencing, we remand this case to give the trial court an opportunity to reconsider the imposition of two 12-year sentences with enhancements imposed pursuant to § 13A-12-250 and § 13A-12-270, Ala. Code 1975. If the trial court deems it necessary, it may conduct a sentencing hearing. The return to this Court shall include the written findings and a transcript of any proceedings in the circuit court. A return shall be filed with this Court within 30 days of this opinion.
AFFIRMED AS TO CONVICTIONS; REMANDED WITH DIRECTIONS AS TO SENTENCING.*
Long, P.J., and McMillan, Bashab, and Fry, JJ., concur.
* Note from the reporter of decisions: On December 15, 2000, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On January 12, 2001, that court denied rehearing, without opinion.
 *Page 133