The appellant, Theresa Douglas, was convicted of unlawful distribution of a controlled substance, a violation of §13A-12-211, Ala. Code 1975. The trial court sentenced her to serve a term of ten years in prison. It also enhanced her sentence by five years because the sale took place within three miles of a school and an additional five years because the sale took place within three miles of a public housing project. See §§13A-12-250 and 13A-12-270, Ala. Code 1975. Finally, it imposed a $1,000 Demand Reduction Assessment Act fine. See § 13A-12-281, Ala. Code 1975. The appellant filed a motion for a new trial, which the trial court summarily denied. This appeal followed.
The State presented evidence that, on December 2, 2002, a confidential informant went to the appellant's house and purchased a rock-like substance from the appellant. Subsequent forensic testing revealed that the substance was cocaine.
 I.
The appellant argues that the State did not present sufficient evidence to support her conviction. Although she phrases her argument as a challenge to the sufficiency of the evidence, she is actually challenging the weight of the evidence.
 "`"[T]he `weight of the evidence' refers to `a determination [by] the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other.'" Tibbs v. Florida, 457 U.S. at 37-38 [102 S.Ct. at 2216] (emphasis added).'" *Page 1273 
Zumbado v. State, 615 So.2d 1223, 1240 (Ala.Crim.App. 1993) (quoting Johnson v. State, 555 So.2d 818, 820 (Ala.Crim.App. 1989), rev'd on other grounds, 576 So.2d 1281 (Ala. 1991)).
 "The issue of the weight of the evidence is preserved by a motion for a new trial, stating `that the verdict is contrary to law or the weight of the evidence.' See A.R. Cr. P. 24.1(c)(1)."
Zumbado, 615 So.2d at 1241. Because the appellant did not file a motion for a new trial challenging the weight of the evidence, she did not preserve this argument for our review.
 II.
The appellant also argues that the trial court erroneously refused to instruct the jury that it could disregard the confidential informant's testimony because she had previously been convicted of crimes of moral turpitude. Although she requested such an instruction at the close of all of the evidence, she did not object to the trial court's refusal to give the requested instruction either at that time or after the trial court's oral charge.
 "No party may assign as error the court's . . . failing to give [an] instruction . . . unless the party objects thereto before the jury retires to consider its verdict, stating the matter to which he or she objects and the grounds of the objection."
Rule 21.3, Ala. R.Crim. P. Because the appellant did not object to the trial court's refusal to give her requested instruction, she did not preserve this argument for our review. See Rule 21.3, Ala. R.Crim. P.; Bullock v. State, 697 So.2d 66
(Ala.Crim.App. 1997).
 III.
Finally, the appellant argues that the trial court erroneously applied the schoolyard and public housing project enhancements set forth in §§ 13A-12-250 and 13A-12-270, Ala. Code 1975, to her sentence.
 A.
Initially, the appellant contends that her sentence could not be enhanced pursuant to §§ 13A-12-250 and 13A-12-270, Ala. Code 1975, because the jury found her guilty of unlawful distribution of a controlled substance. Specifically, she asserts that "the verdict is distribution and then is changed to [a] sale for the enhancement of said charge." (Appellant's brief at p. 19.) However, she did not present this argument to the trial court. Therefore, it is not properly before this court. See Davis v.State, 840 So.2d 945 (Ala.Crim.App. 2002).
 B.
The appellant also appears to contend that the State did not prove that the sale occurred within three miles of a school and within three miles of a public housing project. However, during the trial, Investigator Jason Kelly of the St. Clair County Sheriff's Department testified that he measured the distance from the appellant's house, where the sale occurred, to Ragland High School and that the distance was 1.9 miles. Chief Investigator Joe Sweatt of the St. Clair County Sheriff's Department testified that he measured the distance from the appellant's house to a public housing project and that the distance was approximately 1.9 miles. Based on this evidence, the jury could have reasonably concluded that the sale occurred within three miles of a school and within three miles of a public housing project. See Davis, supra. Therefore, the trial court properly applied the schoolyard and public housing project enhancements to the appellant's sentence. *Page 1274 
For the above-stated reasons, we affirm the appellant's conviction. However, our review of the record indicates that the trial court ordered that the appellant serve the five-year schoolyard enhancement concurrently with the five-year public housing project enhancement. "[T]he enhancement statutes require that different enhancements for a single offense be served consecutively. . . ." Ex parte Garner, 781 So.2d 253, 255-56
(Ala. 2000). Further, "`[a]lthough there was no objection raised at sentencing, it is incumbent upon this court to conform the appellant's sentence to the statutory requirements.'" Merchantv. State, 724 So.2d 65, 68 (Ala.Crim.App. 1998) (quotingFletcher v. State, 675 So.2d 55, 56 (Ala.Crim.App. 1995), overruled on other grounds by Ex parte Garner, 781 So.2d 253
(Ala. 2000)). Because the trial court erroneously ordered that the appellant serve the two sentence enhancements concurrently, we must remand this case for resentencing.
In addition, § 36-18-7(a), Ala. Code 1975, mandates that "there shall be imposed or assessed an additional fee of one hundred dollars ($100) on any conviction in any court of the state for drug possession, drug sale, drug trafficking, and drug paraphernalia offense[s] as defined in Sections 13A-12-211 to13A-12-260, inclusive." The record does not indicate that the trial court imposed this mandatory fee.
For these reasons, we remand this case to the trial court with instructions that that court resentence the appellant in a manner that is consistent with this opinion and that that court impose the fee mandated by § 36-18-7(a), Ala. Code 1975. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days after the release of this opinion.
AFFIRMED AS TO CONVICTION; REMANDED WITH INSTRUCTIONS AS TO SENTENCE.*
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.
* Note from the reporter of decisions: On August 20, 2004, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On September 10, 2004, that court denied rehearing, without opinion. On November 12, 2004, the Supreme Court denied certiorari review, without opinion (1031948).