Ricky Griffin was indicted for the offense of the unlawful distribution of a controlled substance, in violation of §13A-12-211, Code of Alabama 1975. The jury found Griffin guilty as charged in the indictment. He was sentenced to 10 years' imprisonment, was fined $1,000, and was ordered to pay $30 restitution. The sentence was suspended and the appellant was placed on five years' probation after completion of the Department of Corrections "boot camp" program. Three issues are raised on appeal.
 I
Griffin contends that the trial court erred in allowing Officer Robert Chambers, an undercover agent with the Alcoholic Beverage Control Board, to testify about a subsequent cocaine purchase involving Griffin.
In its examination of Robert Chambers, the prosecutor asked Chambers the following questions:
 "Q Okay. Robert, I want you to look at the Defendant in this case and tell the Court and Jury whether or not there is any doubt in your mind, whatsoever, that he is the person that sold or assisted in selling this controlled substance to you on June 11, 1988?
"A Yes, sir. It is the Defendant.
"Q It is the Defendant?
"A Yes, sir.
 "Q Okay. Have you seen the Defendant since that time?
"A Yes, sir.
"Q Where did you see him since that time?
"A Up here in the courthouse.
 "Q Okay. Let me ask you this. Specifically on August 7, 1988, did you see him?
"A Yes, sir.
"Q Where was that?
"A Out at the mobile home.
"Q Same mobile home?
"A Same mobile home. Yes, sir.
 "Q What was the purpose of your being there on that occasion?
"A To purchase cocaine.
 "Q And, did you purchase any cocaine on that occasion? *Page 549 
 "MR. CLENNEY: Judge, I object to that question, at this point. And, I submit to the Court that the Prosecuting Attorney is attempting to submit evidence of alternate circumstances and I request that the Jury be instructed to disregard that.
"THE COURT: Overruled. It goes to the identity.
"BY MR. MAXWELL [prosecutor]:
 "Q Did you purchase any controlled substance on that occasion?
"A Yes, I did.
"Q Who did you purchase it from?
 "A Louise and Tony or Ricky, I think. I would have to check my report.
"Q Was the Defendant present there?
"A Yes, sir.
"Q And, was Tony present, there?
"A Yes, sir.
"Q Was that transaction also here in Henry County?
"A Yes, sir."
Evidence of other offenses allegedly committed by a defendant is clearly admissible to prove identity and to prove that both the now-charged crime and the other offenses were committed pursuant to a single "plan, design, scheme, or on-going business system to engage in illegal drug transactions."Woods v. State, 437 So.2d 636, 637 (Ala.Cr.App. 1983), and C. Gamble, McElroy's Alabama Evidence § 69.01(8) (3d ed. 1977).
In the case sub judice, evidence of the subsequent cocaine purchase was clearly admissible to establish Chambers's identification of Griffin, particularly in light of Griffin's alibi defense, wherein he claimed that he was not present at the time of the transaction for which he was prosecuted. In addition, evidence of the subsequent offense, which also involved the sale of cocaine in the same location and with many of the same parties as the principal offense, was admissible to show that the principal drug transaction was part of an ongoing business system to engage in illegal drug transactions.
 II
Griffin contends that the trial court erred in allowing Griffin's brother, C.H. Kinsey, Jr., to testify as to whether he was present at a cocaine transaction where Griffin was involved.
Prior to trial, the court granted Griffin's motion in limine and ordered that the State not be allowed to inquire concerning Kinsey's juvenile record. In his cross-examination of Kinsey, the prosecutor asked Kinsey the following questions:
 "Q Okay. Now you told Mr. Clenney that you have never seen your brother involved in a transaction involving cocaine?
"A Yes.
 "Q Isn't it true, Mr. Kinsey, you have admitted prior to today of being present at a cocaine transaction where your brother was involved?
 "MR. CLENNEY [defense counsel]: Judge, I object to this. This is on point to our Limine Motion that the Court granted. And, I request a mistrial on behalf of the Defendant.
 "THE COURT: The motion is denied. It is not within the scope of my Order in Limine.
 "BY MR. MAXWELL [prosecutor]: You can answer the question. Haven't you previously admitted that you were present when there was a drug transaction with Mr. Robert Chambers?
"A No, sir.
"Q And, your brother and you?
"A No.
"Q You have not?
"A I have not."
Because the trial court's order directed the State not to inquire of Kinsey's juvenile record, the prosecutor's question as to whether Kinsey was present at a drug transaction involving Griffin did not touch upon Kinsey's juvenile record and was therefore within the boundaries of the court's order in limine. "Merely being at or near the scene of a crime even without raising the hue and cry does not make a man either principal or accessary to that crime." Leonard v. State,43 Ala. App. 454, 462, 192 So.2d 461, 469 (1966). *Page 550 
We note, moreover, that the prosecutor's question was proper to show Kinsey's bias against the State, and the question formed a proper foundation for the State's subsequent impeachment of Kinsey's credibility by demonstrating that Kinsey was in fact present at a drug transaction involving Griffin. See Smith v. State, 513 So.2d 1036, 1044 (Ala.Cr.App. 1987); Wysinger v. State, 448 So.2d 435, 438 (Ala.Cr.App. 1983); and C. Gamble, McElroy's Alabama Evidence § 149.01 (3d ed. 1977).
 III
Griffin contends that the trial court committed reversible error in allowing the prosecutor to ask Kinsey about why Griffin's mother was in prison. In particular, Griffin argues that "the prejudicial impact of this line of questioning far outweighs any legitimate use to show bias on the part of this witness." We disagree.
Griffin's objection to the prosecutor's question at trial was based on relevancy. On appeal, Griffin argues that the prosecutor's question was prejudicial. A defendant is bound by the grounds of objection stated at trial and may not expand those grounds on appeal. Bell v. State, 435 So.2d 772, 776
(Ala.Cr.App. 1983). The trial court will not be placed in error for grounds not raised at trial. Reeves v. State,456 So.2d 1156, 1160 (Ala.Cr.App. 1984). Specific grounds of objection waive all grounds not specified. Moore v. State, 474 So.2d 190,196 (Ala.Cr.App. 1985). Here, Griffin's objection on the specific ground of relevancy waived any objection he may have had on the ground of prejudice.
Griffin's failure to cite any legal authority in support of this argument in brief likewise waived appellate consideration thereof. Vinzant v. State, 462 So.2d 1037, 1039 (Ala.Cr.App. 1984), cert. denied, 462 So.2d 1037 (Ala. 1985).
We note that although that had this issue been preserved for appeal, we would have determined that the prosecutor's question was permissible cross-examination to show Kinsey's likely bias against the State. See Williams v. State, 44 Ala. App. 503,214 So.2d 712 (1968).
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a Retired Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
PATTERSON, P.J., and TYSON, TAYLOR and McMILLAN, JJ., concur.
BOWEN, J., concurs in result only.