TAYLOR, Judge.
The appellant, C.R.M., appeals an order of the Circuit Court for Baldwin County setting restitution in his case. The record reflects that the appellant was arrested in December 1992 for burglary. The appellant was granted youthful offender treatment and the court ordered him to pay restitution and set the amount. The case against the appellant was nolle prosequi, commonly referred to as nol-prossed, in March 1993. The amount of the restitution was increased by the court in June 1993. and again in January 1994. The appellant contends on appeal that the court erred in modifying his original restitution. The charges against the appellant were nol-prossed. Black’s Law Dictionary defines nol-pross as:
“A formal entry upon the record ... by the prosecuting attorney in a criminal action, by which he declares that he “will no further prosecute’ the case, either as to some of the defendants, or altogether. The voluntary withdrawal by the prosecuting attorney of present proceedings on a criminal charge.”
Black’s Law Dictionary, 1048 (6th ed. 1990). When a case is nol-prossed, it is over. It may be revived only by reindictment.
The court was without authority to order restitution after the charges against the appellant had been nol-prossed. Further, “a ease that had been nol-prossed cannot be appealed by either the prosecution or the accused.” State v. Tatum, 642 So.2d 523 (Ala.Cr.App.1994).
Because the court was without jurisdiction to order any restitution and because a nol-prossed case is not reviewable on appeal, this appeal is due to be dismissed.
APPEAL DISMISSED.
All the Judges concur.