SHAW, Judge.
The appellant, Clarice Vann, was convicted of trafficking in heroin and of the unlawful distribution of heroin, violations of §§ 13A-12-231(3)(a) and 13A-12-211, Ala.Code 1975, respectively. She was sentenced, as a habitual offender with five prior felony convictions, to life imprisonment for the trafficking conviction and to 20 years’ imprisonment for the distribution conviction. The 20-year sentence was enhanced by an additional 10 years’ imprisonment pursuant to §§ 13A-12-250 and 13A-12-270, Ala.Code 1975. The sentences for each conviction were to run concurrently.[1]
Because Vann does not challenge the sufficiency of the evidence, only a brief recitation of the facts is necessary. The evidence adduced at trial indicated that on December 8, 2000, Vann sold 3.92 grams of heroin to an undercover police officer; that on December 20, 2000, she sold 6.602 grams of heroin to that same undercover officer; and that when she was arrested on March 6, 2001, she was in possession of .14 grams of cocaine.
*497 i.
Vann first contends that the trial court erred in denying her motion for a mistrial on the ground that a prospective juror made a statement prejudicial to Vann in the presence of the entire venire during the voir dire examination. Specifically, in her brief, Vann states:
“[Ajbsent some discussion with the other potential jurors going to the effect [the prospective juror’s] statement had upon their impartiality and indifference to [Vann] and/or some curative instruction to the jury, [Vann] was greatly prejudiced by the comment being made and it was reversible error for the trial court not to have declared a mistrial.”
(Vann’s brief at pp. 6-7.)
During a break in voir dire, the trial court was about to excuse the venire for a 20-minute recess to take up matters with the prosecutor and defense counsel when one of the prospective jurors asked to speak. The following exchange then occurred:
“[Prospective juror]: Yes. It’s kind of a question but it’s more of a statement. When this gentleman [defense counsel] began to speak and he was repeating what this gentleman [the prosecutor] said about circumstantial evidence as opposed to civil and criminal cases, it is my opinion that he intentionally tricked us to raise our hands to make us believe something. Now I’m prejudiced towards you and I won’t ever believe anything that you say.
“THE COURT: Well, it is somewhat—
“[Defense counsel]: You don’t have to worry about it. I’m going to strike you.
“[Prospective juror]: I just think that he needed to know that before—
“THE COURT: Let me say this for everyone’s benefit. No matter what the lawyers say, they are not the source of the law in this case.
“[Prospective juror]: I understand that.
“THE COURT: I am the source of the law and I will explain the law that applies to this case to whatever jury is selected. I appreciate you letting us know your feelings because I’m sure—
“[Defense counsel]: I really am.”
(R. 50-51.) The venire was then excused and the following exchange occurred:
“[Defense counsel]: My position is he’s contaminated the whole jury pool. He was still talking to them, quote ‘bitching’ as he left the courtroom. I think that there is no way now because of his statement and his continued talking to jurors that we can get a fair and impartial trial.
“THE COURT: [Prosecutor],
“[Prosecutor]: Like you said, Judge, it’s a trick question.
“THE COURT: Well, it was a trick question.
“[Defense counsel]: I don’t see that there was anything wrong with it.
“THE COURT: I’m not suggesting there was anything wrong with it, but it was somewhat of a trick question.
“[Prosecutor]: I think you can give a curative instruction.
“THE COURT: I don’t see the manifest necessity to declare a mistrial. In fact, if anything I think it might be illustrative of what I was talking about when I told them I would be the source of the law; it didn’t matter what the lawyers say.
“I’m going to overrule your motion for a mistrial based on what he said, although I think he probably would have been better off not saying it, but he said it. I think the jury got a big chuckle out of it. I really don’t think that he’s — and *498 I’ll cover — when I go back out there, I’m going to ask the jury if anyone was prejudiced by what he said.
“[Defense counsel]: Or my question.
“THE COURT: Or your question, for that matter. I think that’s a reasonable request. If anyone does feel like it prejudices them, then we will deal with that when it happens. I’ll go over [it] with them, before you strike, that issue when we reassemble.
“I was afraid he would say more if I didn’t cut him off, and I didn’t want him to say any more than he’d already said. Of course, you didn’t help either by your comment, [defense counsel], by telling him, don’t worry you were going to strike him. So that didn’t help matters either.
“Both of you had your say, and I will have mine in a moment. I hear you and I overrule you unless I get some indication from some of the jurors that they can’t put all of that aside and, you know, move on with this case.”
(R. 51-53.)
The trial court then granted Vann’s challenge for cause for the prospective juror who had made the comment. After hearing arguments from the parties about challenging other prospective jurors for cause on other grounds, the trial court and counsel engaged in the following exchange:
“THE COURT: Gentlemen, before you leave, one more thing, I’m about to change my mind about bringing up what [the prospective juror] said. I’m not sure it won’t exacerbate the situation more than it is now. If I do, I’ve got to go out and say to the jury, will any of you be prejudiced by what [the prospective- juror] said in open court? Let’s assume we get some hands, well, I guess if we got some hands they’d be due to be gone. I don’t know. What — do you want me to do it or not?
“[Prosecutor]: I’ll leave it up to you, Judge.
“THE COURT: What do you want to do, [defense counsel]?
“[Defense counsel]: Same thing, leave it up to you.
“THE COURT: You are not objecting if I don’t do it?
“[Defense counsel]: No, sir.
“THE COURT: You don’t think it’s necessary?
“[Defense counsel]: Don’t think so.”
(R. 57-58.)(Emphasis added.) The trial court then stated that it would not question the jury about the matter.
In Moody v. State, [Ms. CR-96-0994, April 18, 2003] — So.2d-(Ala.Crim. App.2003), this Court stated:
“ ““ “A party cannot assume inconsistent positions in the trial and appellate courts and, as a general rule, will not be permitted to allege an error in the trial court proceedings which was invited by him or was a natural consequence of his own actions.” ’ ” Slaton v. State, 680 So.2d 879, 900 (Ala.Cr.App.1995), aff'd, 680 So.2d 909 (Ala.1996), cert. denied, 519 U.S. 1079, 117 S.Ct. 742, 136 L.Ed.2d 680 (1997), quoting Campbell v. State, 570 So.2d 1276, 1282 (Ala.Cr.App.1990). As we have said in applying the invited error doctrine, “ ‘It would be a sad commentary upon the vitality of the judicial process if an accused could render it impotent by his own choice.’ ” Murrell v. State, 377 So.2d 1102, 1105 (Ala.Cr.App.), cert. denied, 377 So.2d 1108 (Ala.1979), quoting Aldridge v. State, 278 Ala. 470, 474, 179 So.2d 51, 54 (1965)....
[[Image here]]
“Burgess v. State, 811 So.2d 557, 596 (Ala.Crim.App.1998), aff'd in part, rev’d *499 in part on other grounds, 811 So.2d 617 (Ala.2000)
— So.2d at —. See also Lewis v. State, 488 So.2d 1362, 1367 n. 7 (Ala.Crim.App.1986)(“The doctrine of invited error would apply to instances where defense counsel does everything he can to ‘invite the error,’ but then makes no request for curative instructions after an objection has been overruled or a motion denied.”).
When the trial court initially denied Vann’s motion for a mistrial, it stated that it was going to question the prospective jurors about the comment. When the trial court later stated that it had decided not to question the prospective jurors, Vann’s counsel agreed with the court that such questioning was unnecessary and specifically stated that he was not objecting to the trial court’s not questioning the prospective jurors about the impact of the statement. To now argue that the trial court should have granted the motion for a mistrial because “there was no discussion with the other potential jurors going to the effect [the prospective juror’s] statement had upon their impartiality and indifference to [Vann] and/or some curative instruction to the jury” (Vann’s brief at pp. 6-7), is inconsistent with Vann’s position at trial and amounts to invited error.[2] See, e.g., Hulsey v. State, 866 So.2d 1180 (Ala.Crim.App.2003)(any error in trial court’s denying defendant’s motion for a mistrial and in allowing a juror who had overheard a portion of a conversation between the parties regarding a possible plea agreement to remain on the jury was invited by the appellant where the appellant refused the trial court’s offer to remove the juror instead of granting a mistrial).
II.
Vann also contends that the trial court erred in denying her motion for a mistrial based on what she claims was the trial court’s improper bolstering of a State’s witness.
During its case-in-chief, the State called Andrea Headrick, a drug chemist with the Alabama Department of Forensic Sciences, to testify. Vann stipulated that Headrick was an expert in her field, and the State then began to question Headrick about the procedures she had followed in conducting her analysis of the substances in the present cases, pursuant to which she determined the substances were heroin. Vann interrupted, stating that she would “stipulate to the results without her having to go through the process.” (It. 194.) The trial court then stated: “Well, okay, if you wish to accept that stipulation. Since she’s *500 here, you might let her go ahead, though, and go through what she did in this one case so that the jury understands all that.” (R. 194-95.) The State then questioned Headrick about the tests that she had performed and the results of her analysis. Vann did not object to the court’s statement or move for a mistrial until the following day, after the State had rested and the defense had presented its case. At that point Vann made the following motion for a mistrial:
“Second motion for a mistrial is the thing that took place when the forensic scientist was testifying. I stipulated to the chain of evidence, the [district attorney] agreed, the Court agreed, and that was stipulated to the jury. The forensic scientist started to testify as to the result of the test, and I said I would stipulate to the results of the test. The district attorney said all the more better or something to that effect. And the Court’s statement was, ‘You accept that stipulation? You might want to, since she’s here, let the jury go ahead and hear how she did it.’ Or something to that effect. And I would submit with all due respect to the Court, I don’t think it was done intentionally, that might cast the Court in the eyes of the jury as taking part in the prosecution or favoring the prosecution since it could be viewed as telling the prosecutor how the Court would try the case if they were in the prosecutor’s shoes and they shouldn’t accept that stipulation and should let the witness continue to testify, especially when that was the defense strategy to move on through that type of testimony as quickly as possible to diminish the effect of it and get it over with as quickly as possible.”
(R. 252-53.) The trial court denied the motion.
Vann’s motion for a mistrial was not timely; thus, it did not preserve this issue for review. “ ‘To be timely, a motion for a mistrial must be made “immediately after the question or questions are asked that are the grounds made the basis of the motion for the mistrial.” ’ ” Allen v. State, 659 So.2d 135, 144 (Ala.Crim.App.1994), quoting Powell v. State, 631 So.2d 289, 292 n. 2 (Ala.Crim.App.1993), quoting in turn Ex parte Marek, 556 So.2d 375, 379 (Ala.1989). “A motion for a mistrial compensates for a lack of an objection only if the motion follows immediately after the grounds which are the bases for the motion.” Living v. State, 796 So.2d 1121, 1140 (Ala.Crim.App.2000). See also Wilson v. State, 651 So.2d 1119, 1122 (Ala.Crim.App.1994)(a motion for a mistrial “is untimely if it is not made until the conclusion of the witness’s testimony or counsel’s argument”). Because Vann’s motion for a mistrial was not timely, this issue is not properly before this Court for review.
III.
For the reasons stated above, we affirm Vann’s convictions for trafficking in heroin and for the unlawful distribution of heroin. However, we must remand this case for resentencing. “Matters concerning unauthorized sentences are jurisdictional,” Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994), and we may take notice of an illegal sentence at any time. See, e.g., Pender v. State, 740 So.2d 482 (Ala.Crim.App.1999).
The record reflects that as part of its verdicts, the jury found that both the trafficking charge and the distribution charge were based on sales that occurred within three miles of a school and within three miles of a public housing project, see §§ 13A-12-250 and 13A-12-270, Ala.Code 1975. The trial court properly applied the enhancements in §§ 13A-12-250 and 13A- *501 12-270, Ala.Code 1975, to Vann’s sentence for the distribution conviction; however, the trial court failed to apply those enhancements to Vann’s sentence for her trafficking conviction.
“The law clearly requires that, when an unlawful sale of a controlled substance occurs within three miles of a school or public housing project, application of the aforementioned enhancement provisions is mandatory.” Wild v. State, 761 So.2d 261, 264 (Ala.Crim.App.1999). See also Bonner v. State, 835 So.2d 284 (Ala.Crim.App.2000); Gamble v. State, 699 So.2d 978, 980 (Ala.Crim.App.1997); and Ford v. State, 645 So.2d 317, 319 (Ala.Crim.App.1994). Because the jury expressly found that the sale underpinning the trafficking conviction occurred within three miles of a school and within three miles of a public housing project, the trial court was required to apply the enhancements in §§ 13A-12-250 and 13A-12-270 to Vann’s life sentence for the trafficking-conviction.
In addition, we note that § 36-18-6 creates the Alabama Forensic Services Trust Fund and that § 36-18-7(a), Ala.Code 1975, mandates that “there shall be imposed or assessed an additional fee of one hundred dollars ($100) on any conviction in any court of the state for drug possession, drug sale, drug trafficking, and drug paraphernalia offense[s] as defined in Sections 13A-12-211 to 13A-12-260, inclusive,” to be deposited (less administrative costs) in the Alabama Forensic Services Trust Fund. The record reflects that the trial court did not impose this fine for either the trafficking conviction or the distribution conviction.
Therefore, based on the foregoing, we remand this case for the trial court (1) to impose the $100 fine pursuant to the Alabama Forensic Services Trust Fund for both of Vann’s convictions, and (2) to enhance Vann’s life sentence for the trafficking convictions by an additional 10 years’ imprisonment pursuant to §§ 13A-12-250 and 13A-12-270, Ala.Code 1975.[3] Because imposition of the fine and the application of §§ 13A-12-250 and 13A-12-270, Ala. Code 1975, are mandatory, Vann’s presence is not required. See, e.g., Spooney v. State, 844 So.2d 615, 618 (Ala.Crim.App. 2001). Due return shall be filed with this Court no later than 35 days from the date of this opinion.
AFFIRMED AS TO CONVICTIONS; REMANDED WITH DIRECTIONS AS TO SENTENCING.*
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ„ concur.

. Vann was also convicted in the same trial of the unlawful possession of cocaine, a violation of § 13A-12-212, Ala.Code 1975, and was sentenced to 15 years' imprisonment, that sentence to run concurrently with the sen-er, Vann’s notice of appeal did not include the case number — CC-01-3550—relating to the possession conviction. Therefore, we address Vann’s claims only as they relate to her convictions for trafficking and distribution.

. Additionally, we note that immediately before the court’s oral charge to the jury, the following exchange occurred:
"[Defense counsel]: Yes, sir. Your Hon- or, we would make a motion for mistrial.... [A]t the beginning I should have made it but I do make it now, the situation involving [the prospective juror] who as reflected in the record got quite hostile with me and continued to talk in an angry tone as the jury went outside the door. I submit to the Court that that could have contaminated the jury and would just ask for a mistrial on that ground.
"THE COURT: Well, I thought we had discussed that in my chambers on the record at the time it occurred.
"[Defense counsel]: We did.
"THE COURT: I denied the motion at the time.
"[Defense counsel]: Yes, sir. I just felt like it was my duty to my client.
"THE COURT: Sure, I understand. I hear you and overrule the motion."
(R. 251-52.) To the extent Vann might contend that this later motion for a mistrial placed the trial court on notice of her claim on appeal, this motion was untimely and, thus, did not preserve the claim for appellate review. (See Part II of this opinion discussing the timeliness of motions for a mistrial.)

. Because life imprisonment is the minimum sentence Vann could receive for the trafficking conviction, see §§ 13A-12-231(12) and 13A-5-9(c)(3), Ala.Code 1975, the trial court may not change that base sentence.

 Note from the reporter of decisions: On November 14, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion.