WELCH, Judge.
A.Z. was adjudicated a youthful offender upon pleading guilty to four offenses. In addition to a sentence of incarceration-which was suspended-fines, and court costs, A.Z. paid, upon his seeking bail, a $35 bail-bond-filing fee, pursuant to § 12-19-311(a)(1)a, Ala. Code 1975. Upon his *30 disposition as a youthful offender, A.Z. was ordered to pay a $700 bail-bond fee, pursuant to § 12-19-311(a)(1)b, Ala. Code 1975.
Prior to his April 4, 2016, guilty-plea hearing, A.Z. preserved and reserved[1] the issues that follow for appellate review.
A.Z. presents on appeal several claims challenging the constitutionality of the "bail-bond-fees" statute set forth in § 12-19-311, Ala. Code 1975.
An appellate court's " 'review of constitutional challenges to legislative enactments is de novo.' " State v. Adams, 91 So.3d 724, 732 (Ala. Crim. App. 2010) (quoting Richards v. Izzi, 819 So.2d 25, 29 n.3 (Ala. 2001) ).
I.
A.Z. contends that the bail-bond fee set forth in § 12-19-311(a)(1)b., Ala. Code 1975, does not apply to youthful-offender adjudications. Paragraphs a and b of § 12-19-311(a)(1), Ala. Code 1975, assess separate costs to obtaining a bail. Paragraph a assesses what the statute terms as a "filing fee" of $35 "on each bond executed." Paragraph b assesses what the statute terms a "bail-bond fee" and is colloquially often called "the back-end fee" because it is "imposed by the court when the defendant appears in court for adjudication or sentencing." § 12-19-311(e)(1), Ala. Code 1975. A.Z. challenges paragraph b, the back-end fee. Specifically, according to A.Z., the "bail-bond-fees" statute explicitly states that the fee in paragraph b applies to misdemeanors and felonies, but the statute does not explicitly state that it applies to youthful offenders.[2]
"(a)(1) In addition to all other charges, costs, taxes, or fees levied by law on bail bonds, additional fees as detailed in ... paragraph b. shall be imposed on every bail bond in all courts of this state.
"... The fees shall be assessed as follows:
"a. ....
"b. For a misdemeanor offense, a bail bond fee in the amount of 3.5 percent of the total face value of the bail bond or one hundred dollars ($100), whichever is greater, but not to exceed four hundred fifty dollars ($450). For a felony offense, a bail bond fee of 3.5 percent of the total face value of the bail bond or one hundred fifty dollars ($150), whichever is greater, but not to exceed seven hundred fifty dollars ($750). Except that if a person is released on a judicial public bail, recognizance, or signature bond, including a bond on electronic traffic and nontraffic citations, the fee shall be affixed at twenty-five dollars ($25). For purposes of this section, face value of bond shall mean the bond amount set by court or other authority at release, not the amount posted at release on bail."
A.Z. asserts that a youthful-offender adjudication is not a conviction for a crime;
*31 thus, according to A.Z., it is not a misdemeanor or a felony. A.Z. argues that, if the legislature had intended the bail-bond fee assessed in paragraph b to apply to youthful offenders, it would have so stated in paragraph b. In response, the State argues on appeal that § 12-19-311(a)(1) clearly states that the fee set forth in paragraph b applies to "every bail bond in all courts of this state," and, according to the State, this fee is imposed without regard to the offender's age or the degree of culpability assigned to the criminal offense.
A.Z. cites S.T.E. v. State, 954 So.2d 604 (Ala. Crim. App. 2006), as support for the proposition that the bail-bond fee does not apply to youthful offenders. S.T.E. held that
"fees imposed by the Drug Demand Reduction Act (§ 13A-12-281), and fees assessed for the Alabama Forensic Services Trust Fund (§ 36-18-7) were held inapplicable to a youthful-offender adjudication because neither statute explicitly stated that the penalty or fee is to be imposed on youthful offenders or on adjudications under the Youthful Offender Act."
(A.Z.'s brief, p. 10.) A.Z. argues that there is no difference between the bail-bond fee and the Alabama Forensic Services Trust Fund fee and that, thus, this Court should follow S.T.E. and hold that the bail-bond fee does not apply to youthful offenders. The State responds by arguing that A.Z.'s reliance on S.T.E. is misplaced because S.T.E. did not address bail or bonds.
This Court concludes that the Alabama Forensic Services Trust Fund fee, § 36-18-7, Ala. Code 1975, and the monetary penalty imposed by the Demand Reduction Assessment Act, § 13A-12-281, Ala. Code 1975, discussed in S.T.E. are distinguishable from the bail-bond fee in paragraph b. Both the Alabama Forensic Services Trust Fund fee and the Demand Reduction Assessment Act monetary penalty are mandatory penalties imposed in addition to other fines and penalties following a conviction for certain drug offenses. See Hall v. State, 223 So.3d 977, 982 (Ala. 2016) ("[T]he demand-reduction assessment is a 'mandatory' fine that is capable of being waived."); Vann v. State, 880 So.2d 495, 501 (Ala. Crim. App. 2003) (noting that the Alabama Forensic Services Trust Fund "mandates that 'there shall be imposed or assessed an additional fee of one hundred dollars" on certain drug offenses). Thus, S.T.E. discusses both the Alabama Forensic Services Trust Fund fee and the Demand Reduction Assessment Act penalty in terms of the penal nature of those statutes, i.e., the imposition of additional punishment, and then states:
" ' "[Penal] statutes are to reach no further in meaning than their words." ' Fuller v. State, 257 Ala. 502, 505, 60 So.2d 202, 205 (1952). ' " 'No person is to be made subject to [penal statutes] by implication, and all doubts concerning their interpretation are to predominate in favor of the accused.' " ' Fuller, 257 Ala. at 505, 60 So.2d at 205 (quoting Scott v. State, 152 Ala. 63, 64, 44 So. 544, 545 (1907) (quoting in turn Bishop on Statutory Crimes § 194))."
S.T.E. v. State, 954 So.2d 604, 607-08 (Ala. Crim. App. 2006). S.T.E. concludes that, as penal statutes, "[b]ecause § 13A-12-281 and § 36-18-7 do not explicitly apply to youthful offenders, the trial court should not have imposed either penalty on S.T.E." S.T.E., 954 So.2d at 608.
A.Z.'s reliance on S.T.E. is misplaced because S.T.E. discusses penal statutes, and the nature of the bail-bond fee in paragraph b is not penal. The bail-bond fee is a cost associated with obtaining bail. It is not imposed unless a defendant seeks *32 and obtains bail[3] and the adjudication is something other than not guilty. Thus, unlike S.T.E., A.Z. is not challenging the application of a penal statute; thus, S.T.E. does not control this case.
Moreover, the Forensic Services Trust Fund Statute states that it imposes "an additional fee of one hundred dollars ($100) on any conviction in any court of the state for drug possession, drug sale, drug trafficking, and drug paraphernalia offense as defined in Sections 13A-12-211 to 13A-12-260, inclusive." § 36-18-7(a), Ala. Code 1975 (emphasis added). The Demand Reduction Assessment Act also imposes an additional penalty for those defendants "convicted of a violation" of certain drug offenses set forth in the Act. See § 13A-12-281(a), Ala. Code 1975 (emphasis added). Because the Demand Reduction Assessment and the Forensic Services Fee specifically state that they apply only to convictions, and A.Z. correctly states that a youthful-offender adjudication is not a conviction,[4] those additional assessments could not apply following a youthful-offender adjudication.
The bail-bond-fees statute in § 12-19-311(e)(1), Ala. Code 1975, states that the bail-bond fee assessed in paragraph b is assessed when the defendant appears for adjudication:
"The fee imposed on bail bonds under paragraph b. of subdivision (1) of subsection (a) shall be assessed to the defendant and be imposed by the court when the defendant appears in court for adjudication or sentencing.''
(Emphasis added.) The disposition following a youthful-offender hearing is an adjudication. The statute does not limit its application to a conviction. It applies equally to an adjudication. An "adjudication" is defined as "the process of judicially deciding a case." Black's Law Dictionary 50 (10th ed. 2014).[5] Thus, by use of the word "adjudication" and not "conviction," the bail-bond statute was drafted broadly to include youthful offenders.
Additionally, contrary to A.Z.'s appellate argument that paragraph b states that the bail-bond fee applies following a conviction, paragraph b states that the fee applies to a "misdemeanor offense" and to a "felony offense." An offense is defined as a "violation of the law" and may be a misdemeanor or a felony.[6] A "conviction" is defined as: "finding someone guilty of a crime; the state of having been proved guilty."[7] "An adjudication of youthful offender status is very different from conviction as an adult, because it is not deemed a conviction of crime at all." Gordon v. Nagle, 647 So.2d 91, 95 (Ala. 1994). " 'The Youthful Offender Act is intended to extricate persons below twenty-one years of age from the harshness of criminal prosecution and conviction.' "
*33 Gordon v. Nagle, 647 So.2d at 95 (quoting Raines v. State, 294 Ala. 360, 363, 317 So.2d 559, 561 (1975) ). Use of the word "offense" in the bail-bond-fee statute allows for a broader application than had the statute used the word "conviction." A youth tried as a youthful offender and found to have committed the underlying charged criminal offense has not been convicted of a crime. The youth is adjudicated to be a youthful offender and is punished accordingly. In other words, a youth who is charged with committing a misdemeanor or a felony and who is granted youthful offender status, and is found guilty by a trial court of committing the charged offense is not convicted of a crime, but is adjudicated to be a youthful offender and is punished according to the youthful-offender statute, which has the goal of rehabilitating the youth more than punishing the youth. Therefore, because the bail-bond-fee statute uses the word "offense," rather than "conviction," the statute is broader in scope and encompasses youthful-offender adjudications.
Finally, § 12-19-313 confirms that the bail-bond fee is not limited to "convictions." Section 12-19-313 states that the fee in paragraph b is assessed when the "the charge is disposed."
"[W]herein the charge against a defendant is disposed of by conviction, a finding of guilty, or dismissal or nolle prosequi upon conditions to pay costs and fees, the fees pursuant to paragraph b. of subdivision (1) of subsection (a) of Section 12-19-311 shall be assessed. If the defendant is admitted to a pretrial diversion program or to a specialty court program, the fee shall be assessed as with other court costs and fees."
This Court has referred to youthful-offender status as being "found guilty under the Youthful Offender Act," Bemis v. State, 589 So.2d 788, 788 (Ala. Crim. App. 1991) ; as being "nol-prossed," see C.R.M. v. State, 646 So.2d 1390, 1391 (Ala. Crim. App. 1994) ; and being subject to "specialty court treatment," see § 15-19-6(d), Ala. Code 1975 ("If the underlying charge is a misdemeanor, a person adjudged a youthful offender may be given correctional treatment as provided by law for such misdemeanor."); § 15-18-171(6), Ala. Code 1975 (youthful offenders are eligible under the community punishment and corrections program for "[a]ny program designed as an alternative to incarceration ... which may be imposed as part of a sanction, including, but not limited to confinement, work release, day reporting, home detention, restitution programs, community service, education and intervention programs, and substance abuse programs"). Thus, § 12-19-313, Ala. Code 1975, is authority supporting that the back-end bail-bond fee applies to youthful-offender adjudications.
For the foregoing reasons, this Court finds no error with the circuit court's assessment of $700 imposed pursuant to the back-end bail-bond fee as set forth in § 12-19-311(a)(1) b., Ala. Code 1975.
II.
A.Z. contends that § 12-19-311, Ala. Code 1975, entitled "Bail Bond Fees"[8] is unconstitutional because, he says, it was unconstitutionally enacted.
A.
A.Z. contends that § 12-19-311, Ala. Code 1975, is unconstitutional because, he says, it violates the single-subject *34 restriction of Art. IV, § 45, Ala. Const. 1901.
Section 45 states:
"The style of the laws of this state shall be: 'Be it enacted by the legislature of Alabama,' which need not be repeated, but the act shall be divided into sections for convenience, according to substance, and the sections designated merely by figures. Each law shall contain but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred, shall be re-enacted and published at length."
Specifically, A.Z. contends that § 12-19-311 has multiple subjects because it distributes funds to the solicitor's fund (district attorney's) and to the court clerk's fund. This, A.Z. argues, impermissibly provides for the distribution of funds to two branches of government-the executive branch and the judicial branch.
Section 12-19-311(a)(1) a., Ala. Code 1975, imposes "[a] filing fee in the amount of thirty-five dollars ($35) on each bond executed." Section 12-19-311(f), Ala. Code 1975, governs the disbursement of those funds.
"The court clerks shall distribute on a monthly basis as other fees are distributed, the fees collected pursuant to paragraph a. of subdivision (1) of subsection (a) as follows: Ten percent from each fee shall be distributed either to the county general fund to be earmarked and distributed to the Sheriff's Fund, administered by the sheriff, in the county where the bond was executed or, where the bond is executed by the municipality, to the municipality; 45 percent of the fee to the court clerk's fund where the bond was executed or where the bond is executed by the municipal court, to the municipality; 45 percent of the fee to the Solicitor's Fund in the county where the bond was executed. The bail bond fee records shall be audited by the Department of Examiners of Public Accounts."
§ 12-19-311(f), Ala. Code 1975.
Section 12-19-311(a)(1)b, Ala. Code 1975, imposes a "back-end" fee following disposition of charges not resulting in an acquittal. The fee is a percentage of the value of the bail bond, as quoted previously in this opinion.
Section 12-19-311(g), Ala. Code 1975, governs the disbursement of funds collected from the bail-bond filing fee in paragraph b.
"(g) The court clerks shall distribute on a monthly basis as other fees are distributed, the fees collected pursuant to paragraph b. of subdivision (1) of subsection (a) as follows: Twenty-one dollars and fifty cents ($21.50) from each fee shall be distributed to the county general fund which shall be earmarked and distributed to the Sheriff's Fund, administered by the sheriff, in the county where the bond was executed or, where the bond was executed by a municipality, to the municipality; 40 percent of the remainder of the fee to the court clerk's fund where the bond was executed or where the bond is executed by the municipal court, to the municipality; 45 percent of the remainder of the fee to the Solicitor's Fund in the county where the bond was executed; five percent to the State General Fund and ten percent to the Alabama Forensic Services Trust Fund. The bail bond fee *35 records shall be audited by the Department of Examiners of Public Accounts."
§ 12-19-311(g), Ala. Code 1975.
" 'The constitution is satisfied if the act has but one general subject, and that is fairly indicated by the title.' Lindsay v. United States Savings & Loan Association, [120 Ala. 156, 24 So. 171 (1898) ]." Johnson v. Robinson, 238 Ala. 568, 572-73, 192 So. 412, 415 (1939).
"The language of the Constitution, 'Each law shall contain but one subject, which shall be clearly expressed in its title,' contemplates that in its application the court must not only look at the title but must consider the body of 'Each law' in ascertaining the subject thereof; and if 'the title and the body of the act, construed together, show a single purpose, and relate to a single subject,' and the grant of power is germane to that subject, such act does not offend the Constitution. Judson v. City of Bessemer, 87 Ala. 240, 6 So. 267, 4 L.R.A. 742."
Johnson v. Robinson, 238 Ala. 568, 573, 192 So. 412, 415 (1939).
Act No. 2012-535, Alabama Acts 2012 (H.B. 688) ("The Act"), approved May 22, 2012, was codified as § 12-19-311, Ala. Code 1975. Its short title is "Courts-Actions and Proceedings-Fees," but its comprehensive title stating its purpose is:
"[T]o increase the docket fees in certain civil and criminal cases in the circuit, district, and municipal courts in this state; to provide for distribution of the revenue; to provide for bail bond fees in certain amounts; to exempt bonds for certain traffic violations from the fees; to require the defendant to pay the fees; to provide for the clerks of the various courts to collect the fees; and to provide for distribution of the fees."[9]
In Magee v. Boyd, 175 So.3d 79 (Ala. 2015), the Alabama Supreme Court stated:
" ' "[A] statute has but one subject, no matter to how many different matters it relates if they are all cognate, and but different branches of the same subject." ' Ex parte Hilsabeck, 477 So.2d 472, 475 (Ala.1985) (quoting Knight v. West Alabama Envtl. Improvement Auth., 287 Ala. 15, 22, 246 So.2d 903, 908 (1971) ).
" ' "It is settled under our decisions that however numerous the subjects stated in the title, and however numerous the provisions in the body of the act may be, if they can be by fair intendment considered as falling within the subject-matter legislated upon in the act, or necessary as ends and means to the attainment of such subject, the act does not offend our constitutional provision that no law shall embrace more than one subject, which must be expressed in its title."
" Alabama State Fed'n of Labor v. McAdory, 246 Ala. 1, 10, 18 So.2d 810, 816 (1944) (quoting *36 State v. Henry, 224 Ala. 224, 227, 139 So. 278, 281 (1931) (emphasis added))."
Magee v. Boyd, 175 So.3d at 119.
The comprehensive subject gleaned from the title and executed in the body of the Act is to provide for bail-bond fees in certain amounts and in certain cases and to provide a procedure for collecting those fees and a plan for distributing the revenue generated from those fees. These different matters are "different branches of the same subject" and are all linked in that they are involved in the functioning of the judicial system. Magee v. Boyd, 175 So.3d at 119.
Therefore, the disbursement of court revenue to the court clerk's fund and the solicitor's fund does not violate § 45, because both entities are involved in the functioning of the Alabama court system; thus, "they can be by fair intendment considered as falling within the subject-matter legislated upon in the act." Magee v. Boyd, 175 So.3d at 119.
This Court can find no violation of § 45 as argued by A.Z.
B.
A.Z. contends on appeal that the Act is unconstitutional because the title does not reflect the content of the bill, in violation of § 45, Ala. Const. 1901. This specific assertion was not made in the circuit court and is thus not preserved. See McKinney v. State, 654 So.2d 95, 99 (Ala. Crim. App. 1995) ; McKinney v. State, 654 So.2d 95, 99 (Ala. Crim. App. 1995) ; Ex parte Frith, 526 So.2d 880, 882 (Ala. 1987) ; Griffin v. State, 591 So.2d 547, 550 (Ala. Crim. App. 1991). However, this issue was actually addressed and decided adversely to A.Z. in this Court's discussion in Part II.A of this opinion.
C.
In his appellate brief, A.Z. also makes the following contentions: 1) The statute has multiple subjects and, thus, violates § 45 because it distributes funds to various levels of government-municipal and county. 2) The statute contains multiple subjects in violation of § 45 because it assesses both a "front-end" administrative fee and a "back-end" posttrial penalty in the form of a fine based on the amount of bond required. In the circuit court, A.Z. asserted in his written motion that the "back-end" bail-bond fee set forth in paragraph (a)(1)b violates Ala. Const. 1901, Art. I, § 15, which prohibits the imposition of excessive fines. He did not argue that this statutory provision violated § 45. 3) The Act is unconstitutional because, he says, it includes a $2.00 allocation to the Police Officer's Annuity Fund, see § 12-19-310, Ala. Code 1975, which is a retirement fund for police officers, and this allocation has nothing to do with the court system.
These claims were not presented to the circuit court. "[T]o preserve an issue for appellate review, it must be presented to the trial court by a timely and specific motion setting out the specific grounds in support thereof." McKinney v. State, 654 So.2d 95, 99 (Ala. Crim. App. 1995). "The statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial." Ex parte Frith, 526 So.2d 880, 882 (Ala. 1987). Additionally, "[a] defendant is bound by the grounds of objection stated at trial and may not expand those grounds on appeal." Griffin v. State, 591 So.2d 547, 550 (Ala. Crim. App. 1991). Therefore, these claims are waived from appellate review.
III.
A. & B.
A.Z. contends that the bail-bond fee is unconstitutional because, he says, it *37 creates incentives for the district attorneys to recommend a higher bond because the district attorneys' offices get a percentage of the bail-bond fee. This, according to A.Z., is a violation of the defendant's right to be released on bail. Additionally, A.Z. contends that the bail-bond fee creates an improper financial incentive for the district attorneys to seek convictions because the fee is assessed and collected after a conviction. Thus, according to A.Z., a prosecutor's duty to impartially administer justice cannot coexist where financial gain is the prosecutor's motive in obtaining convictions. This, according to A.Z., is a violation of a defendant's due-process rights.
These two issues concern the bail-bond fee set forth in § 12-19-311(a)(1)b, Ala. Code 1975. A.Z.'s argument is not persuasive.
Article I, § 16, Alabama Constitution of 1901, provides:
"That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required."
"[T]he amount of bail is discretionary, to be set by the court." Ex parte Colbert, 717 So.2d 868, 871 (Ala. Crim. App. 1998). Rule 7.2, Ala. R. Crim. P., sets forth a bail schedule as a guide in setting an appropriate bail. That rule states that it is
"a general rule for circuit, district, and municipal courts in setting bail for persons charged with bailable offenses. Except where release is required in the minimum schedule amount pursuant to the Rules of Criminal Procedure, courts should exercise discretion in setting bail above or below the scheduled amounts."
Rule 7.2(b), Ala. R. Crim. P. The trial court may consider factors provided in Rule 7.2(a), Ala. R. Crim. P., and any additional factors when determining an appropriate bail amount. The prosecutor may, as with any issue before the court, present arguments on behalf of the State that he or she deems relevant under the circumstances. However, the district attorney does not set the amount of a defendant's bail.
Moreover, § 12-19-311(a)(1) b provides that the bail-bond fee for a misdemeanor charge shall not exceed $450.00 and the bail-bond fee for a felony shall not exceed $750.00. These limits on the fee protect a defendant from the concerns set forth by A.Z. Additionally, a defendant dissatisfied with the total bail amount, upon which the fee is calculated, may challenge the alleged excessiveness of bail by a writ of habeas corpus. Clay v. State, 561 So.2d 1116, 1118 (Ala. Crim. App. 1990) ; Burks v. State, 600 So.2d 374, 381 (Ala. Crim. App. 1991).
Conclusion
Therefore, the circuit court's judgment adjudicating A.Z. a youthful offender is affirmed for the reasons set forth above.
AFFIRMED.
Windom, P.J., and Kellum,[10] Burke, and Joiner, JJ., concur.

Although neither A.Z. nor the circuit court used the word "reserve," the record clearly reflects that the circuit court understood that A.Z. intended to reserve for challenge on appeal the denial of his objection to the imposition of a bail-bond fee. See Ex parte Mullins, 920 So.2d 589, 589-90 (Ala. 2005) (holding that an appellant may clearly express his intention to appeal an issue, and thereby reserve the issue, without expressly using the word "reserve"); Treslar v. State, 948 So.2d 570 (Ala. Crim. App. 2005) ("[T]he trial court understood Treslar was reserving the right to appeal the denial of her motion from the notation on the guilty-plea form, which the judge signed, and the attached plea-agreement sheet, which contained the notation of Treslar's reservation of the right to appeal the denial of the motion.").

Alabama's Youthful Offender Act is found in §§ 15-19-1 through 15-19-7, Ala. Code 1975.

Walker v. State, 137 So.3d 943 (Ala. Crim. App. 2013) (noting that the bail-bond fee in paragraph b applies only when the defendant is released on bail).

See Ex parte T.B., 698 So.2d 127 (Ala. 1997) (recognizing that an adjudication of youthful-offender status is not a conviction); Gordon v. Nagle, 647 So.2d 91, 95 (Ala. 1994) ("An adjudication of youthful-offender status is very different from conviction as an adult, because it is not deemed a conviction of a crime at all."); see also Ex parte Thomas, 435 So.2d 1324 (Ala. 1982) (holding that an adjudication of youthful offender may not be considered a prior felony conviction under the Habitual Felony Offender Act).

"Adjudication" is defined as: "1. The legal process of resolving a dispute; the process of judicially deciding a case. 2. Judgment." Black's Law Dictionary 50 (10th ed. 2014).

Black's Law Dictionary 1250 (10th ed. 2014).

Black's Law Dictionary 408 (10th ed. 2014).

This Court notes for purposes of clarity that § 12-19-311, Ala. Code 1975, is entitled "Bail Bond Fees" and should not be confused with the actual or specific "bail-bond fee" assessed in paragraph b of § 12-19-311(a)(1), Ala. Code 1975.

In 2013, § 12-19-311, Ala. Code 1975, was amended by Act No. 2013-193, Alabama Acts 2013 (S.B. No. 361). The title of the statute remained "Courts-Actions and Proceedings-Fees." Its purpose is stated as:
"Enrolled, An Act, Relating to bail bond fees; to amend Section 2 of Act 2012-535, now appearing as Section 12-14-31 and Section 12-19-311 Code of Alabama 1975; to provide further for what acts constitute the same incident in cases where there are multiple charges; to extend the time in which the official executing the bond or the clerk of the court has to collect the bail bond fee; to authorize an additional contempt penalty in the municipal court for failure to pay the bail bond fee; and to repeal the expiration date of the bail bond fee."
The amendment did not modify the existing purpose beyond the purpose of the original statute.

Although Judge Kellum was not present when this case was orally argued, she listened to the tape of the oral argument held on October 4, 2016.